**DOW CHEMICAL COMPANY**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and Lee M. Thomas, Administrator, Environmental Protection Agency.**

No. Civ. A. 85–1159–B.

United States District Court, M.D. Louisiana.

April 14, 1986.

Samuel P. Jordan, Jr., R. Dean Cooper, Plaquemine, La., for Dow Chemical Co.

Edward Gonzales, Asst. U.S. Atty., Baton Rouge, La., for U.S. EPA.

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendants, United States Environmental Protection Agency ("EPA") and Lee M. Thomas, Administrator of the EPA, to dismiss. No oral argument is required on this motion.

EPA contends that plaintiff's suit should be dismissed because its claim is not yet ripe for adjudication. EPA further contends there is no subject matter jurisdiction.

■ The court finds that this suit should be dismissed for lack of subject matter jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Dow's complaint alleges two grounds for jurisdiction: (a) 28 U.S.C. § 1331 and (b) 28 U.S.C. § 1346(a).[1]

(a) Jurisdiction under 28 U.S.C. § 1346(a)

28 U.S.C. § 1346(a) provides, in pertinent part, as follows:

> The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
> ... (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act or Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort....

In *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975), the United States Supreme Court held that § 1346(a) "empowers [a] district court to award damages but not to grant injunctive relief." In the earlier decision of *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 630–631, 34 L.Ed.2d 647 (1973), the United States Supreme Court noted that § 1346(a) "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States" because "the jurisdiction of the district courts under the Act was made expressly 'concurrent with the Court of Claims'" and "the Court of Claims has no power to grant equitable relief." In the present case Dow seeks to have "this Court declare that the Company reported the relief value discharges to the flare in a correct and timely manner, to enjoin EPA from claiming otherwise, and for such other relief as the Court deems just and proper." Since Dow's suit is not a suit for monetary damages, § 1346(a) cannot be used as a basis for subject matter jurisdiction in the present case. *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 and *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647.[2]

(b) Jurisdiction under 28 U.S.C. § 1331

■ Dow also asserts subject matter jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The statute confers jurisdiction to adjudicate controversies in which the claim asserted depends upon an interpretation or construction of federal law. *Maxwell v. First National Bank of Monroeville*, 638 F.2d 32, 35 (5th Cir.1981). Section 1331 is

---

1. See paragraph 2 of the complaint. In paragraph 5, the complainant states that the action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but this is not alleged as and could not be a basis of jurisdiction.

2. Accord: *Army and Air Force Exchange Service v. Sheenan*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982).

merely jurisdictional and does not create a substantive right enforceable against the United States. *DeVilbiss v. Small Business Administration,* 661 F.2d 716 (8th Cir.1981). Therefore, in order for jurisdiction to be conferred upon this court by § 1331, a federal law must create substantive rights to be adjudicated. This federal law may be based on the United States Constitution, an Act of Congress or a treaty.

▮ The defendants contend that since the complaint fails to specify a federal law which creates a substantive right to be adjudicated, there is no subject matter jurisdiction pursuant to § 1331. In response to this argument, Dow asserts in its brief that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, is the source of the substantive federal right to be adjudicated because a party may obtain judicial review of a final agency action under the APA. The defendants not only argue that it is improper to assert curative jurisdictional allegations in an opposition to a motion to dismiss [3], but also contend that judicial review is improper in the present case. The court agrees that the APA does not grant a substantive right to be adjudicated pursuant to the federal question jurisdiction of § 1331.

1. Failure to Specify the Administrative Procedure Act, 5 U.S.C. §§ 701–706, as the Source of the Substantive Federal Right

▮ The initial question to be decided by the court is whether a complainant must specifically name the federal statute which creates the substantive rights which are to be adjudicated pursuant to the federal question jurisdiction of 28 U.S.C. § 1331. Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Because federal district courts are courts of limited jurisdiction, there is no presumption of jurisdiction. Therefore, the complaint must establish that subject matter jurisdiction exists.[4] As a general rule, however, a complaint which fails to specify the particular constitutional provision, federal statute or treaty under which an action arises is not considered fatally defective if the facts alleged in the complaint demonstrate that a federal question is involved.[5] In *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir.1980), the Fifth Circuit summarized the rules to be applied as follows:

> Regarding the issue of the complaint's deficiency in alleging proper jurisdiction, it is well established that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute. [Citations omitted] Moreover, the district court has a duty under Rule 8(a) of the Federal Rules of Civil Procedure to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded.

The failure of Dow to mention the APA in its complaint is not fatally defective *provided* that the complaint itself establishes that the APA is the statute relied upon by Dow as the basis of the substantive rights to be adjudicated in the present case. After reviewing the allegations of the complaint, the court finds that the complaint itself does not establish that Dow has relied upon the APA to create substantive rights. Dow asserts, in its opposition to

---

**3.** The defendants correctly contend that the proper procedural method to correct defective jurisdictional allegations is to amend the complaint.

**4.** *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Ray v. Bird & Son & Asset Realization Co.,* 519 F.2d 1081 (5th Cir.1975); *LeMieux Bros., Inc. v. Tremont Lumber Co.,* 140 F.2d 387 (5th Cir.

1944). See also 5 Wright & Miller, *Federal Practice and Procedure,* § 1206 at 74–75.

**5.** *Continental Casualty Co. v. Canadian Universal Ins. Co.,* 605 F.2d 1340 (5th Cir.1979) cert. denied, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980). See also 5 Wright & Miller, *Federal Practice and Procedure,* § 1209 at 92–93.

the present motion, that "the APA provides substantive rights to a party seeking review of a final agency action." However, the complaint fails to allege either that this is an action for judicial review or that the EPA's request for information pursuant to Section 114 of the Clean Air Act, 42 U.S.C. § 7414, is a final agency action. Dow also asserts, in its opposition, that it is invoking the APA's "prohibition against arbitrary, capricious and unlawful agency action."[6] Again, the complaint fails to allege that the EPA acted arbitrarily, capriciously or with an abuse of discretion. After close scrutiny of the complaint, the court does find that Dow has alleged "a flagrant abuse of enforcement authority."[7] This phrase, coupled with a litany of facts, is insufficient to establish that Dow was relying upon the APA to provide the substantive right of judicial review. The court finds, therefore, that the failure to specifically name or refer to the APA in the complaint renders the complaint fatally defective because the remainder of the complaint failed to establish that there was a federal question involved.[8]

2. Is the Administrative Procedure Act, 5 U.S.C. §§ 701–706, Applicable?

■ The court finds that even if the APA had been specifically named in the complaint as the source of the federal substantive right [or if the complaint had demonstrated reliance upon such Act], the APA does not create a right to judicial review in the present case. In *Block v. Community Nutrition Institute*, 467 U.S. 340, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984), the Supreme Court stated that "the APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702, but *withdraws that cause of action* to the extent the relevant statute 'preclude[s] judicial review,' 5 U.S.C. § 701(a)(1)." [Emphasis added.] The Court also set forth the following standard for courts to follow in determining whether judicial review of an action based on the APA is precluded:

Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved. See *Southern R. Co. v. Seaboard Allied Mining Corp.*, 442 U.S. 444, 454–463, 99 S.Ct. 2388, 2394–2398, 60 L.Ed.2d 1017 (1979); *Morris v. Gressette*, 432 U.S. 491, 499–507, 97 S.Ct. 2411, 2417–2421, 53 L.Ed.2d 506 (1977); see generally Note, Statutory Preclusion of Judicial Review Under the Administrative Procedure Act, 1976 Duke L.J. 431, 442–449.[9]

Using the standard set forth in *Block*, the court finds that Congress precluded judicial review of the type of "agency action" which is the subject of this complaint for the following reasons. The "nature of the administrative action involved" is a request for information pursuant to Section 114 of the Clean Air Act, 42 U.S.C. § 7414. This request for information informed Dow of a possible violation. However, there has been no issuance of a Notice of Violation or an order and the EPA has taken no further action on this "possible violation." This

---

**6.** Presumably Dow is referring to 5 U.S.C. § 706(2)(A), which states that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—...

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ....

**7.** See paragraph 23 of the complaint.

**8.** *Hildebrand v. Honeywell*, 622 F.2d 179 (5th Cir.1980); *Continental Casualty Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340 (5th Cir.1979). cert. denied, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

**9.** *Block v. Community Nutrition Institute*, 467 U.S. 340, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984).

action can hardly be classified as a final agency action which was defined by the United States Supreme Court in *Abbot Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 1516, 18 L.Ed.2d 681 (1967), as "an agency statement of general or particular application and future effect designed to implement, interpret or prescribe law or policy." Furthermore, the "structure of the statutory scheme", designed to attain the "objectives" of the Clean Air Act, seems to preclude judicial interference at a time when the EPA has not yet formally indicated its position. Although no preliminary notice is required for the enforcement of regulations dealing with hazardous air pollutants under 42 U.S.C. § 7412,[10] judicial interference at this time would circumvent the enforcement scheme delineated in 42 U.S.C. § 7413 which gives EPA different enforcement options. Finally, the legislative history seems to support the conclusion that judicial review at this point is precluded by the Clean Air Act. A congressional conference committee deleted a section of the Senate Bill "which specifically and unequivocally sanctioned a pre-enforcement action by an alleged violator." *Lloyd A. Fry Roofing Co. v. United States Environmental Protection Agency,* 554 F.2d 885, 891 (8th Cir.1977). Such a deletion and "the failure of the Congress itself to reincorporate a similar provision in the Clean Air Act," *Fry v. EPA,* 554 F.2d at 892, were factors in causing the *Fry* court to hold that the Clean Air Act barred pre-enforcement review of the validity of orders issued pursuant to 42 U.S.C. § 7413.

In conclusion, this court finds that after applying the *Block* analysis there is no right to judicial review in the present case. This conclusion is supported by cases that have held that pre-enforcement review of the validity of orders issued pursuant to 42

U.S.C. § 7413 is barred by the Clean Air Act.[11] The court finds that if pre-enforcement review of the validity of a Section 7413 order is barred by the Clean Air Act, it follows that a letter seeking information pursuant to 42 U.S.C. § 7414 and informing Dow of a "possible violation" cannot be the subject of judicial review under the APA. Dow's attempt to distinguish *Fry, Union Electric Co.* and *West Penn Power Co.* because the government has already commenced an enforcement action and because the State of Louisiana has allegedly decided to prosecute Dow because of the EPA's action is "a distinction without a difference." *Wheaton Industries v. EPA,* 781 F.2d 354 (3rd Cir.1986). The United States is not prosecuting Dow for violations regarding the discharges which were the subject of the Section 7414 letter and the action of the State of Louisiana is of no consequence on the present issue before the court.

Thus, the APA cannot create a substantive right of judicial review in the present case because the relevant statute has precluded judicial review. 5 U.S.C. § 701(a)(1). "Since congressional preclusion of judicial review is in effect jurisdictional"[12] because it withdraws the substantive right of judicial review, this action must be dismissed for lack of subject matter jurisdiction since there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Therefore:

IT IS ORDERED that the motion of the defendants, United States Environmental Protection Agency and Lee M. Thomas, Administrator Environmental Protection Agency, to dismiss the present action because of lack of subject matter jurisdiction be, and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.

---

10. See 42 U.S.C. § 7413(a)(3).

11. *Lloyd A. Fry Roofing Co. v. EPA,* 554 F.2d 885 (8th Cir.1977); *West Penn Power Co. v. Train,* 522 F.2d 302 (3rd Cir.1975), cert. denied, 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976); *Getty Oil Co. v. Ruckelshaus,* 467 F.2d 349 (3rd Cir.1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1973). See also *Union*

*Electric Co. v. EPA,* 593 F.2d 299 (8th Cir.), cert. denied, 444 U.S. 839, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979).

12. *Block v. Community Nutrition Institute,* 467 U.S. 340, 104 S.Ct. 2450, 2458, n. 4, 81 L.Ed.2d 270 (1984).