Jorge SARIT and Denny Espaillat, Plaintiffs,

v.

DRUG ENFORCEMENT ADMINISTRATION, et al., Defendants.

Civ. A. No. 90–0296P.

United States District Court, D. Rhode Island.

Jan. 30, 1991.

David N. Cicilline, Providence, R.I., for plaintiffs.

Michael P. Iannotti, Asst. U.S. Atty., Providence, R.I., and Sherri L. Thornton, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

On July 28, 1989, the individual defendants in this case, Federal Drug Enforcement Agents Henry P. Roy and John Adams, in the midst of an investigation, entered the residence of the plaintiffs, Jorge Sarit and Denny Espaillat, conducted a search and then seized $41,448.00 in United States currency. Since then, the plaintiffs have tried, in a number of ways, to have that money returned to them.

On August 21, 1989, the plaintiffs moved for return of the money pursuant to Fed.R. Crim.P. 41(e) alleging that the currency was seized in a warrantless search. At that time, the government had already attempted to forfeit the same pursuant to Title 21 U.S.C. Section 881(d) and 19 U.S.C. Section 1602 *et seq.* This Court declined, therefore, on equitable grounds to rule on the 41(e) motion and determined that the constitutional issue should be addressed in the context of the forfeiture proceeding. See Order of October 13, 1989, Misc. No. 89–0112P. Plaintiffs next filed a motion for reconsideration. When the government filed its objection, the plaintiffs learned that their property had already been forfeited administratively. On December 29, 1989, after learning of the forfeiture, plaintiffs filed a motion to vacate the forfeiture based on lack of notice from the Drug Enforcement Agency ("DEA"), the other defendant in the instant action. On June 14, 1990, this Court denied that motion based on a lack of jurisdiction. See Order June 14, 1990, Misc. No. 89–0112. In that order, I noted that the issues previously raised by the plaintiffs would be addressed "if a proper complaint [were] filed under 28 U.S.C. § 1331." *See U.S. v. Mosquera,* 845 F.2d 1122, 1126 (1st Cir.1988). With that, we arrive at the motions now before this Court.

Plaintiffs have filed a civil rights action against the DEA and its agents, Roy and Adams, seeking the return of $41,448.00 which was allegedly, unlawfully seized in violation of the plaintiffs' fourth and fifth amendment rights. The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction, pursuant to Fed.R.Civ.P. 12(b), (c) for failure to state a cognizable constitutional claim or in the alternative for summary judgment in their favor pursuant to Fed.R.Civ.P. 56. For the reasons outlined below, defendants' motions are denied.

*Jurisdiction and the Administrative Procedure Act*

The government first argues that the instant case should be dismissed for lack of jurisdiction under 28 U.S.C. § 1331 because plaintiffs may not bring this action against the United States (or the Drug Enforcement Agency) as the United States has not consented to suit. They contend, therefore, that the case must be dismissed on sovereign immunity grounds. The defendants argue that such dismissal is justified because the plaintiffs' complaint does not fall within the consent provided for in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). They contend that the FTCA "does not comprehend federal *constitutional* torts." (emphasis added). Moreover, the government argues that "[w]hile the plaintiffs have not alleged jurisdiction under the FTCA ... in so far as plaintiffs seek to recover damages it is the only waiver of sovereign immunity even potentially offered." The government, however, has apparently misapprehended plaintiffs' claim. The plaintiffs, in their memorandum in support of their objection to defendants' motion to dismiss explain that they are seeking jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.* As discussed, *infra,* it is by way of the APA that the plaintiffs intend to overcome sovereign immunity.

■ Plaintiffs, anticipating the government's argument that it had no notice of such claim of jurisdiction, state, citing to *Dow Chemical v. U.S. Environmental Protection,* 635 F.Supp. 126, 129 (M.D.La. 1986), that

> "it is well established that when a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional re-

quirements of the statute. Moreover, the district court has a duty under Rule 8(a) of the Federal Rules of Civil Procedure to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those in the pleading." *Id.* (citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)). *See Continental Casualty v. Canadian Universal Insurance Co.*, 605 F.2d 1340, 1343 (5th Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

Because plaintiffs' complaint does present facts which establish that substantive rights may have been violated through the final agency action of forfeiture, *see infra*, this Court agrees that plaintiffs failure to articulate jurisdiction, under the APA is not fatal to the complaint. Moreover, because the government, although given ample time and opportunity to reply has not chosen to do so, I will go on to consider whether plaintiffs have overcome the sovereign immunity hurdle by way of the APA.[1]

Section 702 of the APA provides a limited waiver of sovereign immunity:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that any agency or any officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. *Id.*

As I noted above, the government has not chosen to reply to plaintiffs' arguments regarding jurisdiction under the APA. This Court, in its research, however, has discovered a recent case, similar to the instant case, in which the government apparently did make arguments regarding the applicability of the APA to an administrative forfeiture proceeding. Because the court's opinion in that case, *Sterling v. U.S., et al.*, 749 F.Supp. 1202 (E.D.N.Y. 1990), not only articulates the government's possible arguments but also responds to those arguments in an extremely well-reasoned and organized fashion, I quote extensively from *Sterling* as to the applicability of the APA.

[The] waiver of sovereign immunity [under Section 702] is limited by the provisions of Sections 701 and 704 of Title 5. Section 701 provides that the APA does not apply where other statutes preclude judicial review, 5 U.S.C. § 701(a)(1), or where the contested agency action is one committed by law to agency discretion. 5 U.S.C. § 701(a)(2). Section 704 further bars review if there is an adequate remedy in another court. 5 U.S.C. § 704.

a. Money Damages

The government contends that the APA does not waive sovereign immunity in this case because plaintiff seeks monetary relief. The APA by its terms does not apply where the relief sought is money damages. 5 U.S.C. § 702. In *Bowen v. Massachusetts*, 487 U.S. 879, [108 S.Ct. 2722, 101 L.Ed.2d 749] (1988), the Supreme Court noted, however, that Section 702's prohibition on claims for money damages does not extend to all situations where the claim could ultimately result in the payment of money by the federal government. 487 U.S. at 893 [108 S.Ct. at 2731]. Specifically, the Court concluded that "an equitable action for specific relief ... may include an order providing for the recovery of specific property or monies ..." *Id.* (cita-

---

**1.** The government's motion to dismiss was filed in this Court on August 28, 1990. Plaintiffs' response was filed on October 1, 1990 after the grant of a motion for enlargement of time. On October 17, 1990, the government requested an extension of time until November 1, 1990 to respond to plaintiffs' opposition. Since that time, this Court has repeatedly called the government's attorneys requesting that reply. There have been a number of excuses, but no reply has been forthcoming. Almost two months have passed. This Court will not allow the plaintiffs to languish any longer.

tions omitted). The term "money damages," according to the Court, does not mean all forms of monetary relief, *id.* at 896 [108 S.Ct. at 2733], but rather compensatory relief or a substitute for a suffered loss. Specific remedies, on the other hand, "are not substitute remedies at all, but attempts to give the plaintiff the very thing to which he was entitled. *Id.* at 895 [108 S.Ct. at 2732] (quoting D. Dobbs, Handbook on the Law of Remedies 135 (1973) as quoted in *Maryland Dep't of Human Resources v. Dep't of Health and Human Serv.,* 763 F.2d 1441, 1446 (D.C.Cir.1985)).

The complaint in this case seeks monetary damages, but in the exact amount seized from plaintiff and accordingly can be construed as requesting a specific equitable remedy; namely, the return of the moneys taken. *See Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1099–100 (9th Cir.1990) (claim seeking return of property forfeited pursuant to 21 U.S.C. § 881 cognizable under APA); *Willis v. United States,* 787 F.2d 1089, 1092 (7th Cir.1986) (same). Consequently, the government's contention that the relief sought by plaintiff defeats jurisdiction under the APA is without merit.

b. Adequate Remedy

The APA precludes judicial review of a final agency action under its provisions if there is another court available which provides an adequate remedy to redress the alleged grievance. 5 U.S.C. § 704. Accordingly, if the claim raised can be adequately addressed in the Court of Claims, Section 704 precludes reliance on the APA. *Estate of Watson v. Blumenthal,* 586 F.2d 925, 934 (2d Cir.1978).

The government's contention that plaintiff's constitutional claim can be raised in the United States Claims Court is not persuasive.

The Court of Claims' jurisdiction is defined by the Tucker Act, which provides in part:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1).

The Tucker Act itself provides only for a waiver of sovereign immunity. *LaChance v. United States,* 15 Cl.Ct. 127, 129 (1988). For the Court of Claims to have jurisdiction, there must be a basis for the creation of a substantive right enforceable against the United States for money damages. *Id.* Since the Due Process Clause of the Fifth Amendment [and the Fourth Amendment to the Constitution do] not mandate the payment of money damages, the Court of Claims is without jurisdiction to hear a claim premised upon constitutionally deficient notice [or illegal search and seizure]. *Shaw v. United States,* 8 Cl.Ct. 796, 800 (1985); *see also LaChance,* 15 Cl.Ct. at 130; *Torres v. United States,* 15 Cl.Ct. 212, 215 (1988). Accordingly, since plaintiff does not have an adequate remedy in Claims Court, Section 704 is not a bar to the APA's waiver of sovereign immunity. *Marshall Leasing, Inc. v. U.S.,* 893 F.2d 1096, 1100–01 (9th Cir.1990).

c. Agency Discretion

The government further argues that denials of petitions for remission of forfeiture are matters committed to agency discretion, which are not subject to judicial review under the APA. *See* 5 U.S.C. § 701(a)(2); *LaChance,* 672 F.Supp. 76, 79 (E.D.N.Y.1987). The government's argument is misplaced. It is not the exercise of the agency's discretion that is being challenged here, but rather the adequacy of the notice of the proceeding itself and the authority of the agency to take action in the first instance. *See Marshall Leasing,* 893 F.2d at 1102–03; *Willis v. U.S.,* 787 F.2d 1089, 1092–93 (7th Cir.1986); *Application of Williams,* 628 F.Supp. [171] at 172 [(E.D.N.Y.1986)] Accordingly, review is not foreclosed on this ground.

#### d. Forfeiture Statute Precludes Relief

Finally, the government contends that the forfeiture provisions forbid the relief sought here and hence sovereign immunity under the APA is not waived under Section 701. The government observes that the statutory provisions would be rendered meaningless if the time limits for filing ... could be circumvented by filing a suit under the APA. Although this contention may have substantial merit as to most challenges to forfeiture, the forfeiture provisions cannot be read to bar resort to the court under the APA where the plaintiff's claim is that constitutionally deficient notice prevented him in the first instance from meeting those deadlines. *Jaekel v. United States*, 304 F.Supp. 993, 998 (S.D.N.Y.1969) ...; *see also Webster v. Doe*, 486 U.S. 592, 603 [108 S.Ct. 2047, 2053, 100 L.Ed.2d 632] (1988) (for purposes of the APA, Congressional intent to preclude review of constitutional claims must be clear because, in part, of "the serious constitutional questions that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim").

 Because this Court agrees with the excellent opinion written by Magistrate, now Judge, Amon and because the complained of forfeiture in the instant case is clearly final agency action, as required by Section 704 [2] (the money has been administratively forfeited), I find that the plaintiffs have overcome the sovereign immunity hurdle.

 Moreover, defendants' argument that the DEA is improperly named as a party defendant in the lawsuit is of no consequence. Citing to *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952), the government contends that federal agencies, such as DEA, may not be used *eo nomine*. This, however, is not the case when jurisdiction is viewed in light of the Administrative Procedure Act ("APA"), 5 U.S.C. § 703. In 1975, Section 703 was amended; the new second sentence of the section reads:

> If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.

> "The second sentence was added on the occasion of the abolition of sovereign immunity in actions for relief other than money damages. Before the 1976 amendment, one who named the United States as defendant could lose either because of sovereign immunity or because the United States could not be named as a defendant. And the previous law under *Blackmar v. Guerre*, ... was that suit could not be maintained against an agency ... The amendment gets rid of *Blackmar*." K.C. Davis, Administrative Law Treatise, Vol. 4, § 23:18 at 188 (1983).[3]

A decision on sovereign immunity, however, does not end the inquiry with regard to jurisdiction. *Sterling*, 749 F.Supp. 1202. Plaintiff must also show a substantive basis for jurisdiction to avoid the government's motion to dismiss. *Id.* Plaintiff has claimed jurisdiction under 28 U.S.C. § 1331 based on violations of the Fourth and Fifth Amendments of the United States Constitution.

It has long been recognized that "[a] federal court has subject matter jurisdiction over a case under 28 U.S.C. § 1331 if the claimed 'right or immunity ... [is] such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.'" *Migliori v. Calise*, 750 F.Supp. 57, 58 (D.R.I.1990) (quoting *San Juan Legal Serv., Inc. v. Legal Serv. Corp.*, 655 F.2d 434, 437 (1st Cir.1981). As long as the federal question raised is neither "frivolous" nor "immaterial and made

---

**2.** 5 U.S.C. § 704 states in part:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

**3.** In his treatise on administrative law, K.C. Davis also notes that "courts that do not have the 1976 amendment of § 703 called to their attention often assume wrongly that the *Blackmar* case is still law." K. Davis, Administrative Law, *supra*, Vol. 4, § 23:18 at 189.

solely for the purpose of obtaining jurisdiction" the claim will not be dismissed for lack of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). "[U]nless the claim is 'wholly insubstantial', 'the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief.'" *Migliori*, 750 F.Supp. at 58 (citations omitted).

■ In the instant case, plaintiffs' claims clearly are not frivolous; plaintiffs contend that the search and seizure upon which the forfeiture proceeding was founded violated the fourth amendment because it was warrantless and without consent. Moreover, plaintiffs contend that the forfeiture proceeding itself violated the fifth amendment because there was no sufficient notice. I find, therefore, that plaintiffs have met both the sovereign immunity and the substantive jurisdictional hurdles. Defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(2) for lack of subject matter jurisdiction is denied.

*Specificity*

■ Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint generally should not be dismissed if it satisfies Rule 8(a)(2) which requires "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The government, however, contends that when a complaint alleges constitutional violations by government officials, a heightened pleading standard applies. For this proposition, defendants rely on very broad Supreme Court precedent regarding the harassment of government officials by frivolous lawsuits. *See Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978) (with regard to qualified immunity, the Court stated that "[i]nsubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading ... firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous law-

suits.") This precedent, however, does not support the government's argument for a heightened pleading standard; it merely reiterates that the application of the general pleading standard will protect the government from harassment. Moreover, the defendants' citations to *Glaros v. Perse*, 628 F.2d 679 (1st Cir.1980) and *McClain v. Clark*, 1989 WL 141713, 1989 U.S.Dist. LEXIS 14203 (D.Mass.1989) do not go any further toward establishing a heightened pleading standard; these cases merely require that "plaintiffs ... plead specific facts backing up their claims of civil rights violations," *Glaros*, 628 F.2d at 684, and that plaintiffs must explain, in their complaint, "how [their] constitutional rights were infringed by each defendant." *McClain*, 1989 WL 141713, 1989 U.S.Dist. LEXIS 14203.

■■ My review of plaintiffs' complaint indicates that they have, in fact, pled the specific facts necessary. As to the fourth amendment component of their unconstitutional forfeiture claim, plaintiffs allege that the agents "entered without the consent of the plaintiffs ... [and] without lawful authority." Complaint Paragraph 4. Moreover, Paragraph 6 states that the seizure was made "in the absence of a warrant or the consent of the plaintiffs." With regard to the fifth amendment component, plaintiff states that "[o]n December 21, 1989 ... [the DEA] for the first time revealed that the plaintiffs' property had been forfeited administratively." Complaint Paragraph 12. Finally, Paragraph 20 states that "[t]he defendant, DEA, failed to afford fair and reasonable notice to plaintiffs of their intention to forfeit the plaintiffs' property...."

The Supreme Court has stated that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962) (citing *Conley*, 355 U.S. at 48, 78 S.Ct. at 103). Further, the Court has noted that "it is ... entirely

contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities." *Foman*, 371 U.S. at 181, 83 S.Ct. at 229. Based on this liberal approach to pleadings, I find that plaintiff has stated sufficient facts to give the defendants notice of the claims. Defendants' motion to dismiss for lack of specificity is, thereby denied.

*Constitutional Violations*

■ The government further contends, citing to *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) and *Deshaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) that plaintiffs' complaint should be dismissed for failure to state a claim because conduct on the part of government officials which may be negligent does not rise to the level of the sort of abusive behavior required to state a due process violation. A complaint, however, should not be dismissed pursuant to Fed.R. Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 101–02. The issue must be resolved in the light most favorable to the plaintiff with any doubt resolved in his behalf. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Therefore, the Court must deny a motion to dismiss if the allegations of the complaint permit relief to be granted on any theory, even one not expressly stated therein. *Adams v. Bell*, 711 F.2d 161, 187 (D.C.Cir. 1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984).

■ Looking at the facts in the light most favorable to the plaintiffs, as I must, I find that they have alleged violations of both the fourth and fifth amendments; violations which amount to more than mere negligence. The plaintiffs allege that the agents conducted an illegal search and seizure, that the forfeiture based on that seizure is thereby tainted and, further, that the forfeiture was finalized without proper notice thereby denying them of due process

of law. Plaintiffs' claim survives defendants' motion to dismiss.

■ That being said, I must proceed to the next level of analysis and determine whether the defendants are entitled to summary judgment. With regard to the alleged search and seizure violations, as plaintiff states, a search conducted without a warrant, without consent and absent exigent circumstances is unreasonable per se and violates the fourth amendment. *See Katz v. U.S.*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). A similar standard applies in the forfeiture context. *See Pappas v. U.S.*, 613 F.2d 324, 329–30 (1st Cir.1980) (warrantless seizure in forfeiture context justified only "when the seizure immediately follows the occurrence that gives the federal agents probable cause to believe [the property] is subject to forfeiture under section 881(a) and the exigencies of the surrounding circumstances make the requirement of obtaining process unreasonable or unnecessary.") If the search and seizure violated the fourth amendment, the forfeiture itself would be tainted by the illegality. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 696, 85 S.Ct. 1246, 1248, 14 L.Ed.2d 170 (1965) (fruits of an illegal search and seizure must be excluded from a forfeiture proceeding). Based on the allegations of the parties, I find that there is a material fact in dispute. Plaintiffs contend there was no consent to the search; defendants claim that there was. "[D]isputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Clearly, the disputed issue of consent falls into that category for if the plaintiffs did voluntarily consent, the warrantless nature of the search and seizure would be irrelevant.

■ As to the alleged fifth amendment violation, once again, there is a dispute over a material fact which precludes summary judgment. In the case of an administrative or summary forfeiture, "[c]onstitutional due process requirements

are satisfied by providing interested parties with notice and the opportunity to force the government to institute judicial forfeiture proceedings." *Willis v. U.S.*, 787 F.2d 1089, 1091 (7th Cir.1986). The notice requirements for administrative forfeitures are set out in 21 C.F.R. 1316.75 and 19 U.S.C. § 1607. The DEA must give written notice of the seizure with information on applicable procedures to any party that appears to have an interest in the property and must publish notice of the seizure and its intention to have the property forfeited. *Sterling*, 749 F.Supp. 1202. In the instant case, plaintiffs do not contend that no notice was sent, rather they raise a constitutional issue with regard to the sufficiency of the notice.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 [70 S.Ct. 652, 657, 94 L.Ed. 865] (citations omitted) * * * [W]hen notice is a person's due, process which is a mere gesture is not due process. *Id.* at 315 [70 S.Ct. at 657].

Moreover, the Supreme Court, reflecting on publication notice, has stated that "[i]t is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers." *Id.* The implication being that publication notice is only sufficient "where it is not reasonably possible or practicable to give more adequate warning." *Id.* at 317, 70 S.Ct. at 658; *see Gutt v. U.S.*, 641 F.Supp. 603, 606 (W.D.Va.1986) ("The DEA plainly cannot rely on publication notice to satisfy the requirements of Section 1607 and due process since Gutt had indicated he had an interest in the vehicles and wishes to contest any forfeiture").

Plaintiffs argue that when the DEA sent notice of the administrative forfeiture to them at their pre-seizure address, such notice "was not reasonably calculated under all circumstances, to appraise the plaintiffs of the pendency of the forfeiture proceedings." In support of this argument, plaintiffs contend that not only did the DEA know that the plaintiffs had an interest in the property because the plaintiffs had previously filed a motion for return of property but that the DEA also knew that plaintiffs were represented by counsel and that notice reasonably calculated to appraise the plaintiffs should have included notice to the plaintiffs' attorney. *See Gutt*, 641 F.Supp. at 606. In the instant case, any determination as to the "reasonableness" of the notice necessarily raises issues of knowledge; not the least of which is whether the DEA was aware of the plaintiffs' current address. Because the necessary evidence is not before me, I find that summary judgment is precluded.

### Qualified Immunity

 The government, citing *inter alia* to *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), contends that Defendants Adams and Roy should be dismissed on qualified immunity grounds because "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Given the posture of this case as an action under the APA, however, I find that the government's argument is inapposite. As I discussed, *supra*, plaintiffs are not seeking civil damages or compensatory damages from the individual defendants. Plaintiffs are merely seeking the return of their property from the government. This is an action in equity. The individual defendants are included in the complaint; as they may be pursuant to 5 U.S.C. § 703, however, the government is the real defendant in this suit. In any case, this is not an action for civil damages against the agents, and therefore, the government's contention with regard to qualified immunity is irrele-

vant.[4]

### Personal Jurisdiction

█ Finally, the government contends that the plaintiffs have not established personal jurisdiction over Defendant Adams noting that there is no record of service on the Attorney General of the United States. This issue, like the issue of qualified immunity appears, to this Court, to miss the mark. Under Section 702 of the APA, the plaintiffs in this case could elect to sue either the United States, the DEA, or individual officials involved in the forfeiture. Plaintiffs are not asking for compensation from the individual defendants; they are asking for the return of their forfeited money.

> Even though the statute [the APA] says the United States, the agency, "or" the officer may be named, probably all of them may be named, for ... 'When an instrumentality of the United States is the real defendant, the plaintiff should have the option of naming as defendant the United States, the agency by its official title, appropriate officers, or any combination of them." K. Davis, Administrative Law, *supra*, Vol. 4, § 23:18 at 189. (citing House Rep. No. 94–1656, 1976 U.S.Code Cong. & Admin.News 6121, 6138).

Plaintiffs have picked up on that option and named the DEA as well as two agents. The naming of the agents was unnecessary. As far as this Court is concerned, the conduct of the individual defendants is merely evidence with regard to the impropriety of the forfeiture by the DEA. The personal jurisdiction issue as it relates to Agent Adams is, thereby, moot.

### Conclusion

This case has presented a number of thorny issues for this Court. There has been a lack of communication from day one. Each time that the plaintiffs attempted to litigate the issue of the return of their property they have been thwarted by jurisdictional problems. The plaintiffs have finally overcome the jurisdictional hurdles. Defendants' motion to dismiss or in the alternative for summary judgment is denied.

---

**4.** In plaintiffs' prayer for relief, they ask for judgment against the defendants in the amount of $41,448.00, plus interest and costs, and the return of their property. Although it might be possible to interpret this as a prayer for compensatory damages, clearly the fact that the plaintiffs have asked for the exact amount of money that was seized indicates that they are asking for the return of their specific property; an equitable remedy. *See Bowen v. Massachusetts*, 108 S.Ct. at 2731–32 (1988).