**UNITED STATES of America, Plaintiff,**

v.

**Harold FARLEY, et al., Defendants,**

**Jose Roberto Ortiz, Petitioner.**

No. CR–2–95–55.

United States District Court,
S.D. Ohio,
Eastern Division.

March 12, 1996.

Michael Burns and Marcia Harris, Columbus, Ohio, for Plaintiff.

Max Kravitz, Janet Kravitz and Kathleen Duchak, Columbus, Ohio, for Defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court on petitioner Jose Roberto Ortiz' motion to suppress and dismiss (Doc. 167) and the government's motion to dismiss (Doc. 171). For the reasons which follow, the Court **Denies** both motions and sets this matter for a hearing pursuant to 21 U.S.C. § 853(n)(4).

### I.

On or about July 8, 1994, $44,000.00 in United States currency was seized from Room 202 of the Embassy Suites Hotel in Columbus, Ohio. On August 26, 1994, petitioner Ortiz filed a motion for return of seized property in this Court pursuant to Fed.R.Crim.P. 41(e). This petition was denied by U.S. Magistrate Judge Abel in an Order of October 28, 1994. The Order indicated that because administrative proceedings had been initiated against the currency at issue, Ortiz would need to resort to statutory remedies under 19 U.S.C. §§ 1608, 1618 (permitting either petition for administrative relief or a submission of a claim and cost bond thus converting the administrative forfeiture into a judicial condemnation proceeding).

On December 20, 1994, petitioner Ortiz, seeking a judicial condemnation proceeding, filed his claim and cost bond in the amount of $4,400 with the Customs Service with instructions that the matter be referred to the United States Attorney's Office for the Southern District of Ohio, Eastern Division.

On April 13, 1995, a federal grand jury returned an indictment against Harold Farley and six (6) other individuals charging violations of the federal narcotics laws, money laundering, and criminal forfeiture. Specifically, Count A of the indictment charged defendant Farley with having property, that is, $44,000 in United States currency, which constituted proceeds from the commission of the alleged conspiracy.[1]

On September 11, 1995, defendant Farley pleaded guilty to conspiracy, one count of carrying a firearm during and in relation to a drug trafficking crime, and one count of money laundering pursuant to a written plea agreement with the United States. The plea agreement stated that Farley acknowledged that the $44,000 in United States currency, the subject of Count A, was derived from activities alleged in the conspiracy count, and was subject to forfeiture. Defendant Farley further agreed not to contest the judicial forfeiture of the $44,000 pursuant to 21 U.S.C. § 853.

On December 21, 1995, the Court entered an Order of Forfeiture pursuant to 21 U.S.C. § 853 and ordered the United States to give notice to any person known to have alleged an interest in the property. On December 28, 1995, the United States mailed a certified letter, return receipt requested, to petitioner Ortiz, notifying him of the procedure he could follow for asserting a legal interest in the $44,000 pursuant to 21 U.S.C. § 853(n). Petitioner Ortiz took delivery of the letter on January 26, 1996.

On January 29, 1995, petitioner Ortiz filed a motion seeking to vacate the Court's Order of forfeiture as well as renewing his Rule 41(e) motion for the return of the $44,000. The Court denied the motion holding that after the indictment was filed, petitioner Ortiz was foreclosed from reviving his Rule 41(e) motion. See 21 U.S.C. § 853(k)(2). The Court, however, invited petitioner Ortiz to assert a claim pursuant to 21 U.S.C. § 853(n) ("Third party interests"), and will construe petitioner's instant motion and attached petition (Doc. 168) as such.

### II. Ortiz' Petition

21 U.S.C. § 853(n) sets out the procedure for an individual other than the defendant to contest criminal forfeiture. According to § 853(n), this individual must submit a petition under penalty of perjury which sets forth the nature and extent of the petitioner's right to the property to be forfeited. The

---

**1.** On December 1, 1994, petitioner Ortiz filed a second motion for return of seized property pursuant to Fed.R.Crim.P. 41(e) on the same grounds, and sought to expedite the Customs Service's published notice. This motion was denied on January 23, 1995. On February 2, 1995, Petitioner Ortiz then filed a motion for reconsideration of and objections to the Magistrate Judge's decision denying motion for return of seized property and request for hearing.

court then holds a hearing wherein both the petitioner and the government may present evidence supporting their respective rights to the property. The court may then amend the order of forfeiture if it finds by a preponderance of the evidence that the petitioner: (1) has a legal interest which was vested in the petitioner rather than the defendant; (2) has a legal interest which is superior to that of the defendant at the time of the events giving rise to forfeiture; or (3) is a bona fide purchaser for value of the property subject to forfeiture.

■ The government contends that a hearing in this matter is unnecessary because the petitioner fails both procedurally and substantively to meet the standing requirements of § 853(n). As the government correctly asserts, standing is a threshold issue for the Court to determine. *See United States v. 37.29 Pounds of Semi–Precious Stones,* 7 F.3d 480, 483 (6th Cir.1993) (holding that a claimant must show "at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement.") (internal quotations omitted); *see also United States v. BCCI Holdings (Luxembourg), S.A.,* 841 F.Supp. 1, 4 (D.D.C.1993) ("If a third party fails to allege in its petition all requisite elements, the court may dismiss the petition without providing a hearing.").

### Procedural Standing

■ The government first contends that Ortiz' petition must fail because it is not signed under penalty of perjury. 21 § 853(n)(2)[2] The Court does not agree. The petition in essence states that:

> The undersigned, Jose Roberto Ortiz, residing at 307 Retama Drive, Robstown, Texas 78380, hereby *states under penalty of perjury* that I am the lawful owner of approximately $44,800.00 in U.S. currency that was seized from me ...
>
> *Jose Roberto Ortiz* (Signature)

**2.** § 853(n)(2) requires that "[t]he petition shall be signed by the petitioner under penalty of perjury ..."

**3.** It is worth noting that a criminal defendant may well be motivated to plead guilty to a forfei-

Pet. of Jose Roberto Ortiz at 1–2 (emphasis added). It is abundantly clear that this petition is, as the statute requires, signed under penalty of perjury and is therefore sufficient for purposes of procedural standing. *Cf.* 28 U.S.C. § 1746 (requiring sworn declarations to be supported by a statement substantially similar to: "I ... state ... under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature).").

### Substantive Standing

■ The government next contends that the petitioner lacks standing under the statute because this Court found that the $44,-000.00 at issue constituted drug proceeds and the petitioner cannot contest the factual basis which determined forfeitability. The Court again must disagree. Section 853(n) presents a reasonable process whereby a third party may assert an interest in the property subject to forfeiture. Confining a third party to the facts as determined by another's guilty plea when that third party is statutorily prohibited from participating in the proceeding, *see* 21 U.S.C. § 853(k)(2), flies in the face of logic as well as basic due process.[3]

When a third party contests criminal forfeiture, he is permitted to testify and present evidence and witnesses in support of his position. 21 U.S.C. § 853(n)(5). Section 853(n)(5) further requires the court "*to consider* the relevant portions of the record of the criminal case which resulted in the order of forfeiture." *Id.* (emphasis added). If Congress wanted to bind the district court to the factual basis of forfeiture in the criminal case, surely Congress would have clearly indicated such a desire. Section 853(n)(5) requires only that the court "consider" the record of the earlier criminal proceeding.

The government proposes a rule which would never allow a third party to reclaim property when a defendant had testified that the property was proceeds of drug activity. Consider for example an individual whose

ture to gain a more favorable plea bargain even if the property does not belong to him. This is but one reason that § 853(n) allows a post-plea challenge by third parties such as petitioner.

automobile, recently stolen, is forfeited by a defendant who misrepresents to the court that the automobile constituted drug proceeds. Under the government's proposed rule of law, this individual's automobile would be lost forever.

█ While it is true that one never acquires a property right to proceeds of illegal activity, *see United States v. Salinas*, 65 F.3d 551, 554 (6th Cir.1995), it is equally true that a petitioner has the right to contest the constituency of the property to which he lays claim. Ortiz states under penalty of perjury that the U.S. currency is his. He further explains from whence the currency arose and why he possessed the currency on the date it was seized. His allegations will suffice to constitute both procedural and substantive standing under 21 U.S.C. § 853(n).

### III. Ortiz' Motion

Petitioner Ortiz also seeks to renew his Rule 41 motion, contesting both the seizure of the property as well as the government's current retention of the property. The Court finds that this motion is without merit.

█ Petitioner first claims that the manner in which the $44,000.00 in U.S. currency was seized was inconsistent with Fourth Amendment jurisprudence and requires that this Court return the property to him. The Court disagrees. While a third party clearly may contest the manner in which property is seized during a forfeiture proceeding, *see, e.g., United States v. $61,433.04 in U.S. Currency*, 894 F.Supp. 906 (E.D.N.C.1995); *Sarit v. Drug Enforcement Admin.*, 759 F.Supp. 63 (D.R.I.1991), petitioner's motion lacks the particularity required for the Court to determine the merits of the search and seizure argument. Any such argument must be addressed at the § 853(n) hearing in this matter.

█ Petitioner further submits that the government's failure to comply with 21 U.S.C. § 853(e) and (f) and its current retention of the $44,000.00 violates the Fifth and Fourteenth Amendments of the United States Constitution. Section 853(e) and (f) allow the government, while awaiting an order of criminal forfeiture, to obtain a protective order and retain the property. Petitioner cites *United States v. Schmitz*, 153 F.R.D. 136 (E.D.Wis.1994), in support of his position.

The Court finds that while it may have been appropriate for the government to file a motion under § 853(e) or (f) after the indictment and prior to the entry of the order of forfeiture, this requirement is now moot, given the Court's order of forfeiture of the property at issue. Section 853(e) and (f) do not create substantive rights in favor of third parties such that the government's failure to obtain a protective order requires it to give the property to a third party petitioner.

Furthermore, the *Schmitz* decision is inapposite. The court in *Schmitz* was confronted with the government retention of property prior to conviction and the entry of a forfeiture. 153 F.R.D. at 144. That is clearly not the case here. The government currently retains the property at issue through an entry of an order of forfeiture in criminal case number CR–2–95–55 (*United States v. Harold Farley, et al.*). Even if the government failed to follow the requirements of 21 U.S.C. § 853(e) and (f), this does not require the return of the property now.

### IV.

The Court is presently considering petitioner Ortiz' motion (Doc. 172) to unseal the affidavit underlying the search warrant in this matter. **The government shall respond to this motion on or before March 19, 1996.**

The Court finds that both petitioner's (Doc. 167) and the government's (Doc. 171) motions must be **Denied**. This matter is set for a **hearing on April 17 at 9:30 a.m.** to adjudicate the petitioner's claim to the property at issue pursuant to 21 U.S.C. § 853(n).

**IT IS SO ORDERED.**