**Bernard Shaney WILLIS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–1325.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 8, 1985.*

Decided March 31, 1986.

Rehearing and Rehearing En Banc Denied May 12, 1986.

---

* Appellant filed on November 6, 1985 his Motion    to Reset Oral Argument or Consider Without

Anna R. Lavin, Chicago, Ill., for plaintiff-appellant.

Elizabeth Stein, Asst. U.S. Atty., Anton Valukas, Chicago, Ill., for defendant-appellee.

Before BAUER, WOOD, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Bernard Shaney Willis appeals from the district court's entry of summary judgment against him in the action he brought challenging the government's forfeiture of his automobile. Willis had claimed that the procedures attending the forfeiture violated his fourth and fifth amendment rights, and he had sought the return of the vehicle, money damages and costs, and a judgment declaring those procedures unconstitutional. The district court held that it could not take cognizance of the money damages claims because of jurisdictional and sovereign immunity principles. The district court did find jurisdiction over Willis's claims for equitable and declaratory relief, but on the merits of those claims held that Willis had not demonstrated that his constitutional rights had been violated.

Argument. There being no objection from the Appellee, the court on November 8 granted the motion to the extent that oral argument was vacated. The case was submitted on the briefs and record.

Although we decline to reach certain of the jurisdictional issues, we agree that the district court had jurisdiction to reach the merits of Willis's claims and we affirm its grant of summary judgment.

## I.

Section 881(a)(4) of 21 U.S.C. authorizes the United States Attorney General, through the Drug Enforcement Administration ("DEA"), to seize "[a]ll ... vehicles ... used ... to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of illegal, controlled substances. After seizure, forfeiture proceedings are initiated along one of two routes: if the seized property is valued at less than $10,000,[1] the DEA can institute a summary forfeiture, which takes place solely at the administrative level. Constitutional due process requirements are satisfied by providing interested parties with notice and the opportunity to force the government to institute judicial forfeiture proceedings. If the property is valued at $10,000 or more, the DEA must promptly refer the matter to the United States Attorney responsible for undertaking the judicial procedure.

Agents of the DEA seized Willis's 1977 Chevrolet Corvette on August 4, 1981. On August 24, 1981, the DEA notified Willis by letter that his car had been seized "for violation of 21 U.S.C. § 881(a)(4)," that the appraised value of the car was $8,000, and that steps were being taken to forfeit the vehicle pursuant to federal statutes and regulations. Copies of the applicable regulations were enclosed with the letter. The letter further stated:

If it is your intention to file a petition for remission or mitigation of forfeiture, it must be filed in triplicate with this office within 30 days from the date of this letter and must conform to the requirements outlined in the above cited authorities.

If you intend to place the matter in the United States District Court to contest the probable cause for this seizure, a claim and cost bond of $250.00 must be filed with this office on or before September 16, 1981. Indigent persons who desire to place the matter before the court, but who are unable to post the $250.00 bond, may file an Affidavit of Indigency. Further information on this is available from the Drug Enforcement Administration.

The letter closed by providing the name and telephone number of a DEA employee to whom Willis could address questions. Attached to the letter was a copy of a notice that the DEA was to publish, pursuant to the requirements of the forfeiture statute. That notice was similar to portions of the DEA's letter and stated the following:

Notice is hereby given that on August 4, 1981 one 1977 Chevrolet Corvette, Vehicle Identification Number 1Z37L7S407252 was seized at Chicago, Illinois for violation of 21 U.S.C. 881(a)(4). Any person desiring to place the matter in the United States District Court in order to contest the probable cause for such seizure must file with the Special Agent In Charge, Drug Enforcement Administration, 219 South Dearborn Street, Suite 1800, Chicago, Illinois 60604, a claim and cost bond of $250.00, with approved sureties, on or before September 16, 1981. Otherwise, the property will be administratively forfeited pursuant to 19 U.S.C. 1607–1609 and will be disposed of according to law. Interested parties may file petitions for remission or mitigation of forfeiture with the Special Agent In Charge pursuant to 19 U.S.C. 1618 and 21 CFR 1316.79–1316.81 without filing a claim and cost bond.

On September 21, 1981, Willis served the DEA with his Petition for Remission of Seized Property, which asserted that Willis had not violated the law and had no knowledge that his vehicle had been used in violation of the law. The petition further asserted that the DEA agents had no "search warrant to seize any items in the

---

1. The limit since has been raised to $100,000.

19 U.S.C. § 1607 (Supp.1985).

vehicle ... or the vehicle itself" and that the seizure violated Willis's fifth amendment rights. The DEA responded to Willis's petition by letter dated January 7, 1982. The letter stated that "[t]he petition is denied since the facts reveal that the petitioner was involved in the use of the vehicle in violation of the law. Therefore, under the policy of the Department of Justice, the petitioner is not entitled to administrative relief." Subsequent efforts by Willis's counsel to obtain further information about the "facts" referred to in the DEA's response were unavailing.[2]

Willis filed a complaint in federal district court on September 30, 1982, alleging that he had been deprived of his property without due process of law. After amendment, Willis's complaint made out the following claims: (1) that the DEA lacked probable cause to seize Willis's car and therefore that the seizure violated his fourth and fifth amendment rights; (2) that the notice failed adequately to inform him of the fact that his pursuit of an administrative, rather than judicial, procedure would constitute a waiver of his right to a hearing; (3) that the DEA's refusal to grant Willis a hearing amounted to a violation of the forfeiture statute, a failure to exercise discretion, and a denial of due process; and (4) that the

108-day lapse between his filing of the petition and the DEA's response violated his right to due process. Willis asked for equitable relief in the form of the return of his car, and for a declaration that the DEA's procedures were in derogation of the forfeiture statute and denied him due process rights. Willis also sought money damages, including interest, attorney's fees and costs, and compensation for loss of use and depreciation. The district court granted summary judgment to the United States on January 11, 1985.

## II.

Although Willis and the government agreed that the district court had jurisdiction to review Willis's claims for monetary, equitable, and declaratory relief, the court *sua sponte* raised several jurisdictional concerns before it concluded that it had jurisdiction over only the non-monetary claims.[3] We agree with the district court that section 702 of the Administrative Procedure Act (APA), 5 U.S.C. § 702, effects a waiver of sovereign immunity for the claims to equitable and declaratory relief and thus that the court could reach the merits of Willis's claims.

Section 702 of the APA provides that:

---

2. Willis retained his present counsel after the DEA responded to his Petition for Remission of Seized Property. Present counsel wrote to the DEA on August 5, 1982, seeking a copy of the record or transcript of any hearing that had been held. The DEA replied by explaining that "[t]he 'facts' reported to this office were in DEA reports that revealed that the vehicle was used to transport cocaine," and that Willis's failure to file a claim and bond in the district court to contest probable cause for the seizure ended his right to any hearing.

3. The district court found that it could not take cognizance of money damages claims because the United States had not waived its sovereign immunity. Urged by the parties to find that the Tucker Act, 28 U.S.C. § 1346(a)(2), gave it jurisdiction, the court nevertheless concluded that the Tucker Act could not apply. The court cited *United States v. Mitchell*, 463 U.S. 206, 216–19, 103 S.Ct. 2961, 2967–69, 77 L.Ed.2d 580 (1983), in which the Supreme Court held that while the Tucker Act effects a waiver of sovereign immunity, it "does not create any substantive right

enforceable against the United States for money damages." The claimant must rely on some other source of law that creates a substantive right and "must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.* at 216–17, 103 S.Ct. at 2967–68. The district court examined the sources of Willis's claim of right and concluded that neither the constitutional nor the statutory provisions involved mandated that the United States pay Willis money damages. Accordingly, Willis's claims for damages were dismissed.

Whatever the strengths of the district court's reasoning, we decline to reach the issue of whether the Tucker Act applies here. As we discuss below, the district court had jurisdiction to review the merits of Willis's claims under 28 U.S.C. § 1331, via the waiver of sovereign immunity found in section 702 of the Administrative Procedure Act. Since we agree with the district court's holding that Willis's claims lack merit, we are compelled to refrain from further jurisdictional analysis.

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.

Although the district court viewed section 702 as both a waiver of sovereign immunity and an independent source of substantive right and subject matter jurisdiction, we conclude that section 702 effects only a waiver of sovereign immunity. *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n. 47, 99 S.Ct. 1705, 1725 n. 47, 60 L.Ed.2d 208 (1979); *Califano v. Sanders*, 430 U.S. 99, 104–06, 97 S.Ct. 980, 983–84, 51 L.Ed.2d 192 (1977). Thus, although sovereign immunity is waived pursuant to section 702, Willis's claims rest on his rights under the fourth and fifth amendment, and subject matter jurisdiction arises from 28 U.S.C. § 1331, the general federal question jurisdiction.

### III.

■ Reaching the merits of Willis's claims, we agree with the district court that they are groundless—but we stress that this is a close case. Willis's first claim is that the DEA lacked probable cause to seize his car. But because Willis chose not to contest probable cause initially, he has waived his right to complain now, unless we find that waiver to have been ineffective. Thus, we turn to Willis's second claim, that the DEA's inadequate notice rendered his waiver a nullity.

Upon a review of the notice, we concur with the district court's determination that the notice satisfied the minimal requirements of due process. As the district court noted, the notice not only specified the procedures and time limits attendant upon contesting probable cause in the district court, but also gave the name and phone number of a DEA official to whom Willis could address questions. While the legal "jargon" in this form letter is not as clear or precise as one would hope, Willis in fact received two notices, since the DEA enclosed with its letter a copy of its notice by publication. That second notice states in yet another way that a failure to file in timely fashion a claim in district court will result in a forfeiture. The notice states, after explaining the procedures for bringing the matter before the court, that *"[o]therwise*, the property will be administratively forfeited." This reasonably implies, particularly to legal counsel, which Willis had retained, that a claimant looses his right to a judicial proceeding, should he fail to take the avenue of contesting probable cause. Finally, the DEA included copies of the relevant statutes and regulations, which set out the administrative procedures. Among those regulations were 28 C.F.R. § 9.4(a), (b), and (c), setting forth the DEA's procedures for reviewing petitions for remission. Upon reading these regulations the claimant will be informed that he has no right to a hearing under the administrative procedures.

All of the above-mentioned elements of the two notices, *taken together*, sufficiently informed Willis that if he wanted a hearing in which to contest the seizure and forfeiture, he had to file a claim and bond in order to force the matter into district court. This should not be read as an approval of language that only notifies someone by *implication*. But that is not this case. There is no question that the language in the letter Willis received would not be adequate notice in itself, but in combination with copies of the applicable statutes, regulations, and public notice, we can reach no other conclusion but that Willis was adequately informed of what would happen if he pursued an exclusively administrative remedy. Thus, since the notice

given Willis adequately informed him of his rights, his failure to pursue a hearing on probable cause effectively waived his opportunity to do so now.

■ Similarly, we find no constitutional or statutory infirmities with the DEA's procedures. The Supreme Court has held that pre-seizure hearings are not constitutionally required, so long as interested persons are given notice and an opportunity for a post-seizure hearing. *See, e.g., United States v. Von Neumann,* — U.S. —, 106 S.Ct. 610, 614 n. 7, 88 L.Ed.2d 587 (1986); *United States v. $8,850,* 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 677–80, 94 S.Ct. 2080, 2088–89, 40 L.Ed.2d 452 (1974). As discussed above, Willis received notice and an opportunity for a post-seizure hearing, so his due process rights were observed. Moreover, the Court has recognized that the DEA's remission procedures merely provide the agency with "the discretion not to pursue a complete forfeiture," and that the proceedings therefore are not constitutionally required. *Von Neumann,* 106 S.Ct. at 615. Thus, the constitution does not require that the DEA hold hearings on remission petitions.

We agree with the district court that no statute requires that such hearings be held. One of the applicable forfeiture statutes *enables* the agency in its discretion to take testimony on petitions, 19 U.S.C. § 1618, but nothing *requires* the agency to do so. Indeed, since the remission proceeding is a matter of grace, such a requirement would seem unnecessary. Willis argues that the agency deprived him of his right under the constitution and the forfeiture statutes by failing to exercise its discretion, but in light of the fact that the agency is not required to hold a hearing, this claim is without merit. Clearly, the DEA sufficiently considered Willis's petition, as is evidenced by its response both to his petition and to his attorney's subsequent request for more information. We can discern nothing requiring the agency to do more than it did in this instance.

Finally, we will not overturn the district court's finding that the lapse of time between the filing of Willis's petition for remission and the DEA's response was not so egregious as to violate due process. Moreover, as the Court's recent decision in *Von Neumann* reveals, a claimant may have no constitutional entitlement to a speedy response, since the remission proceeding is not attended by due process requirements. 106 S.Ct. at 614–15.

IV.

We conclude that Willis's claims are without merit, and the judgment of the district court accordingly is affirmed.