Jorge SARIT and Dennie Espaillat

v.

**DRUG ENFORCEMENT ADMINISTRATION,**
**et al.**

Civ. A. No. 91–0296 P.

United States District Court,
D. Rhode Island.

Aug. 10, 1992.

See also 759 F.Supp. 63.

---

David Cicilline, Providence, R.I., for plaintiffs.

Sherri L. Thornton, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

On July 28, 1989, Drug Enforcement Administration ("DEA") agents, during an ongoing drug investigation, seized $41,448.00 from plaintiffs' home. On November 2, 1989, this money was administratively forfeited. Plaintiffs, through this action, seek the return of their money. As the Court lacks jurisdiction over the action, it is dismissed.

### I

This case has traveled to its final resting place by a circuitous route. Because the procedural history plays a vital role in its outcome, a brief outline is presented below.

On July 28, 1989, DEA agents Henry Roy and John Adams seized $41,448.00 in United States currency from plaintiffs' residence at 114 Alvin Street, Providence, Rhode Island. On August 21, 1989, counsel for the plaintiffs filed a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure seeking return of the money. The Assistant United States Attorney objected to this motion and informed the Court and plaintiffs that the currency was being administratively forfeited by the DEA pursuant to 21 U.S.C. § 881 and 19 U.S.C. § 1602 *et seq.* The government's objection and memorandum noted that the case had been assigned a seizure forfeiture number (# 64051) and that notice would be sent to all parties having an interest in the money.

The DEA sent notice of the administrative forfeiture action by certified mail to Sarit at 114 Alvin Street, Providence, Rhode Island on September 19, 1989. This notice was returned unclaimed. DEA also published notice in the newspaper *USA Today.* Plaintiffs' counsel sent a letter to the DEA on September 21, 1989, advising DEA that plaintiffs intended to file a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). On October 13, 1989, the Court denied plaintiffs' Rule 41(e) motion for return of the currency because of the pending administrative action. On October 17, 1989, the plaintiffs' right to file a claim in the forfeiture proceeding expired. 21 CFR § 1316.76. On November 2, 1989, the administrative forfeiture decree was entered.

Finally, on November 8, 1989, plaintiffs filed a claim and cost bond in the now completed administrative forfeiture proceeding. Upon learning that the money had already been forfeited, plaintiffs filed a motion for reconsideration of the Court's order denying the Rule 41(e) motion. The Court denied the motion for reconsideration.

The Court denied plaintiffs' motion to vacate forfeiture, stating that the appropriate mechanism for collaterally attacking a completed administrative forfeiture is through a civil action. Plaintiffs filed the complaint in this action on June 19, 1989. The complaint alleged that the seizure of the currency and its subsequent forfeiture violated their Fourth and Fifth Amendment rights. The government responded with a motion to dismiss for lack of jurisdiction and for failure to state a cognizable constitutional claim, or, in the alternative, for

summary judgment. The Court denied the motion, stating that the plaintiffs stated a valid cause-of-action under 28 U.S.C. § 1331 by pleading a Fourth and Fifth Amendment violation; it also held that sovereign immunity was waived under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* Summary judgment could not be granted on the Fourth Amendment claim since the issue of *consent* remained to be resolved; nor could summary judgment be granted on the Fifth Amendment claim because of the disputed issue of *adequate notice.*

The parties next filed cross motions for summary judgment on the Fifth Amendment claim. In a ruling essential to the Court's decision today, on July 15, 1991, the Court granted defendant's motion for summary judgment, holding that the plaintiffs had received sufficient notice of the forfeiture proceedings to satisfy their due process rights under the Fifth Amendment. The case went to trial on March 11, 1992 on the Fourth Amendment claim that the DEA agents did not have valid consent to search the house.

The government raises two basic defenses. First, it alleges that once the Court dismissed plaintiffs' Fifth Amendment claim, the Court lost jurisdiction to decide the remaining Fourth Amendment claim. Second, if the Court retains jurisdiction over the case, the government argues that the search and seizure of the currency was premised upon a valid consent to search and therefore did not violate the Fourth Amendment. I do not reach the second question since I find the government's first argument carries the day.

## II

 Only an unequivocally expressed waiver of sovereign immunity gives a court jurisdiction over a case against the United States. *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). The United States may only be sued if it has consented, "and the terms of its consent to be sued in any court define the jurisdiction of that court to entertain that suit." *Marshall Leasing, Inc. v.*

*United States,* 893 F.2d 1096, 1098 (9th Cir.1990) (citing *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). This Court originally had jurisdiction over this action under 28 U.S.C. § 1331 by virtue of the waiver of sovereign immunity provision in § 702 of the APA. *See* Order Denying Government's Motion to Dismiss, January 30, 1991. Section 702 of the APA provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that any agency or any officer or employee thereof acted or failed to act in a official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.

5 U.S.C. § 702.

 The waiver of sovereign immunity under § 702 is limited by the provisions of §§ 701 and 704. Section 701 provides that the APA waiver of sovereign immunity does not apply where other statutes preclude judicial review, 5 U.S.C. § 701(a)(1), or where the contested agency action is one committed to agency discretion by law. 5 U.S.C. § 701(a)(2). Section 704 further bars judicial review if there is an adequate remedy in another court. 5 U.S.C. § 704.

It is the § 701(a)(1) waiver limitation which must now engage the Court. In its Order of January 30, 1991, the Court quoted extensively from *Sterling v. United States,* 749 F.Supp. 1202 (E.D.N.Y.1990). The *Sterling* court ruled that § 701 did not preclude jurisdiction when the claim is that of inadequate notice of the forfeiture proceedings.

Finally, the government contends that the forfeiture provisions forbid the relief sought here and hence sovereign immuni-

ty under the APA is not waived under Section 701. The government observes that the statutory provisions would be rendered meaningless if the time limits for filing a claim and bond could be circumvented by filing a suit under the APA. Although this contention may have substantial merit as to most challenges to forfeiture, the forfeiture provisions cannot be read to bar resort to the court under the APA where the plaintiff's claim is that constitutionally deficient notice prevented him in the first instance from meeting those deadlines. *Sterling*, 749 F.Supp. at 1208 (citations omitted).

Other courts have agreed with this reasoning. In *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1103 (9th Cir. 1990), the Ninth Circuit held that "failure to resort to the statutory scheme for obtaining a judicial forfeiture cannot be taken to deprive this court of jurisdiction to hear appellant's claims that appellant did not receive constitutionally adequate notice of the availability of judicial forfeiture...." *See also Willis v. United States*, 787 F.2d 1089, 1092–93 (7th Cir.1986) (district court had jurisdiction under 28 U.S.C. § 1331 over plaintiff's action seeking return of forfeited property on the ground that plaintiff had not received adequate notice); *see generally Rosado–Acha v. Snyder*, No. 91–2292, 1992 WL 146694, at *3 (1st Cir. June 31, 1992) [966 F.2d 1440 (Table)].

The thrust of the government's current argument is that plaintiffs' Fifth Amendment claim carried their Fourth Amendment claim into Court. With the dismissal of the Fifth Amendment claim on July 15, 1991, the government argues, the Court loses jurisdiction over the remaining Fourth Amendment claim.

Plaintiffs have two responses. First, they ask this Court to reconsider its decision granting summary judgment on their Fifth Amendment claim. The reasons for this request are obvious; the question of jurisdiction would be moot if the Fifth Amendment claim was still part of the case. The Court has read plaintiffs' briefs and reviewed its decision of July 15, 1991.

The Court will not reconsider its grant of summary judgment on the Fifth Amendment claim.

Plaintiffs' second response directly addresses the government's contentions sketched above. Plaintiffs seek to create a difference between *adequate* notice and *effective* notice. They quote from *Willis v. United States*, 787 F.2d 1089 (7th Cir. 1986)—a case also relied upon by the government.

... because Willis chose not to contest probable cause initially, he has waived his right to complain now, unless we find that waiver to have been ineffective. Thus, we turn to Willis' second claim, that the DEA's inadequate notice rendered his waiver a nullity.

*Id.* at 1093.

From plaintiffs' perspective, this language saves the Court's jurisdiction. They contend that a determination that notice is *adequate* under the Fifth Amendment does not resolve the issue of its *effectiveness.* While the distinction is not entirely fallacious, the Court will not draw this fine line. Plaintiffs cite no cases illustrating the difference between adequate and effective notice, and, logically, there can be no legally significant difference. A concededly adequate notice would *always* be ineffective if the party in question failed to properly respond. The terms "adequate" and "effective" must be given the same legal meaning, regardless of their semantic difference in other contexts.

Additionally, a thorough reading of *Willis* shows that the Seventh Circuit did not create the distinction argued today. Once the *Willis* court decided that the notice of the forfeiture proceedings had been adequate, it held that Willis' waiver of his right to complain was effective. *Id.* This meant that the court refused to consider Willis' Fourth Amendment claims. Our case presents a similar situation.

The Court agrees with the government; § 701(a)(1) of the APA limits § 702's waiver of sovereign immunity and strips this Court of jurisdiction. To hold otherwise would gut the mandate of § 701 of the APA. Plaintiffs had the means under the

forfeiture provisions to bring the case into a judicial forum. The forfeiture statute "clearly makes available to a claimant invoking the remedy an appropriate forum in which to test the legality of the contested seizure." *In the Matter of $91,000.00 of United States Currency,* 715 F.Supp. 423, 436 (D.R.I.1989). Failure to pursue this avenue cuts off any other path to judicial review of allegedly improper agency action.

The case is dismissed for lack of jurisdiction.[1]

SO ORDERED.

---

1. Because the Court no longer has jurisdiction over this case, the merits of plaintiffs' Fourth Amendment claim will not be addressed.