**Andrew M. COGGINS, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 94–50–1–MAC(DF).**

United States District Court,
M.D. Georgia,
Macon Division.

July 21, 1994.

O. Hale Almand, Jr., Roy Wilson Griffis, Jr., Macon, GA, for plaintiff.

Frank L. Butler, III, Macon, GA, for defendants.

## ORDER

FITZPATRICK, District Judge.

Defendant moves to dismiss this case, or in the alternative for summary judgment, on two grounds. First the Government argues that the court is without jurisdiction to entertain this lawsuit. Second it argues that the notice provided Plaintiff of the impending forfeiture action was sufficient as a matter of law thus resolving this dispute. The facts, so far as they are relevant, are not in dispute. After careful consideration of the arguments of counsel and the relevant case law, the Court is prepared to issue the following Order.

## BACKGROUND FACTS

Postal authorities in Los Angeles, California, developed reason to believe that an Express Mail package addressed to Plaintiff contained illegal narcotics. United States Magistrate Judge Hicks of this District issued a warrant to search the package once it arrived in Warner Robins, Georgia. When the package was opened by Postal Investigators, they discovered 27 grams of cocaine. After signing for the package, Plaintiff immediately entered his home with it.

Postal investigators obtained a state search warrant for Plaintiff's residence on May 7, 1991. During the search, investigators discovered cocaine, marijuana, methamphetamine and other evidence of illegal drug activity. In addition to this evidence, investigators seized two bank books for Plaintiff's accounts at the Robins Federal Credit Union. The accounts contained over $83,000. Other records seized contemporaneously with these bank books provided evidence that Plaintiff had earned over $115,000 from the sale of illegal narcotics. Plaintiff was arrested on May 7, 1991, for possession of cocaine with the intent to distribute.

Postal Investigators then sent written notices of seizure and intent to forfeit the bank accounts to Plaintiff by registered mail to his home address in Warner Robins, Georgia. Plaintiff was free on bond when the notice was mailed to his residence. The notice contained the procedure Plaintiff was to use to contest the forfeiture as well as the ad-

dress of the Postal Inspector to contact for further information.

Plaintiff avers that he never received any notice that this piece of registered or certified mail was being held for him at the Post Office. He claims to have received other pieces of registered mail regarding the forfeiture of his pickup truck and action regarding his employment at Robins Air Force Base but denies receiving the notice regarding the pending forfeiture of his bank accounts.

At the same time the notice of forfeiture was waiting in the Post Office to be retrieved by Plaintiff, investigators published notice of pending forfeiture in the *Macon Telegraph*.[1] The notice was published three times—on August 31, September 7, and September 14, 1991. It advised potential claimants of the procedure to make a claim and that such a claim must be filed within 20 days of the date of the first publication of the notice.

### DISCUSSION

The Government argues in the first instance that this court is without authority to hear this matter. This argument is supported by two separate considerations. First, the Government contends that the United States has not waived sovereign immunity with respect to the subject matter of this lawsuit. Second it argues that there is no statutory basis for a grant of jurisdiction in this court.

■ The court disagrees, but only to a very limited extent. Plaintiff challenges the notice he received (or did not receive) regarding the forfeiture of his property. This court is authorized to examine whether the notice procedure utilized by the seizing agency satisfied the statutory and regulatory conditions precedent to forfeiture. *See Sarit v. U.S. Drug Enforcement Administration*, 987 F.2d 10 (1st Cir.1993); *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096 (9th Cir.1990); *Willis v. United States*, 787 F.2d 1089 (7th Cir.1986). If the Court determines that the notice provided by the Postal Service was inadequate or failed to comply with

statutory and regulatory provisions, all the relief to which Plaintiff is entitled is the setting aside of the forfeiture without prejudice to the right of the Postal Service to bring this action again. *Montgomery v. Scott*, 802 F.Supp. 930 (W.D.N.Y.1992).

■ However, the court does not find the notice provided by the Postal Service inadequate nor was it in violation of the statute or regulations. As discussed by the Court in *Sarit*, "notice that is legally satisfactory *at the time it [was] sent*" satisfies all of the process the Fifth Amendment requires. *Sarit*, 987 F.2d at 14 (emphasis added). When the Postal Service mailed its letter to Plaintiff, it contained all of the information required by statute and regulation. No reason has been offered by Defendant for Plaintiff's failure to receive the missive; however, no reason or excuse is necessary. There is no evidence in this case that the Postal Service knew at the time the letter was mailed that the notice would be ineffective.

In addition, the Postal Service published notice in the *Macon Telegraph*. That newspaper is widely distributed within the Macon Division of the Middle District of Georgia. The regulation only requires that the pending forfeiture be published in a newspaper of general circulation in the judicial district in which the property to be forfeited was seized. 33 C.F.R. § 233.7(h)(4). In *Sarit*, the court expressed some dismay over the selection of a national newspaper, *USA Today*, for the publication, but held nonetheless that "[t]he Government's conduct [in choosing that newspaper] simply did not rise to a violation of the due process clause of the Fifth Amendment." 987 F.2d at 16. This court shares the same concern as the First Circuit with respect to publication in a national newspaper like *USA Today*. However, if publication in *USA Today* is constitutionally sufficient, clearly publication in the *Macon Telegraph*, a newspaper of general circulation not only in the district but within the division of this court, satisfies the statute, the regulations, and the constitution.

---

1. The Court will take judicial notice that the *Telegraph* is a newspaper of general distribution and circulation in the Middle District of Georgia.

■ Finally, Plaintiff argues that the seizing agency should have notified his counsel at the time forfeiture proceedings began. There is no statutory, regulatory, nor case law support for imposing an additional burden on the seizing agency to notify counsel for a potential claimant separately. The seizing agency's duty extends only to the reasonably known claimants themselves; any duty that might exist to ascertain the status of the forfeiture proceeding was Plaintiff's counsel's. As an experienced attorney, counsel should have known that a phone call to the agency would have discovered the status of the forfeiture proceeding. Any prejudice suffered by Plaintiff could have been alleviated by investigation by his counsel. *See Sarit,* 987 F.2d at 16.

■ The court concludes that the notice mailed to Plaintiff was legally sufficient. Its nonreceipt is not the fault of the seizing agency.[2] In addition, the notice was published in a proper newspaper in compliance with Postal Service regulations. Plaintiff and his counsel knew that the bank books had been seized during the search of Plaintiff's residence. Plaintiff was told by the investigators that forfeiture proceedings would be begun at some point. Shortly after his arrest, Plaintiff and his counsel met with agents of the Drug Enforcement Administration and the Postal Service to discuss the case. At that meeting, or at any time thereafter, simple communication between counsel and Government Agents might have provided the missing information in this case.

In any event, the Government acted properly in mailing the notice to Plaintiff's house while he was free on bond. There is no way that the Government could have foreseen that the notice would not be received as intended. Since the sufficiency of the notice is determined at the time the notice was originally sent, there is no due process violation created by the Government's conduct in this matter.

Having concluded that the notice was sufficient, the court must now consider whether it has any further jurisdiction to entertain Plaintiff's other constitutional claims.[3] The only possible basis for further authority to proceed in this matter would be found in the Administrative Procedure Act ("APA"). 5 U.S.C. § 701 *et seq.* Section 702 of the Act provides authority for "relief other than money damages" to a person who has suffered a legal wrong as a result of agency action.[4]

■ However, Section 701 limits this court's jurisdiction and provides that the waiver of sovereign immunity is eliminated where "statutes preclude judicial review." A statute precludes judicial review under the APA if it offers another avenue of judicial relief from the agency action. *Sarit v. Drug Enforcement Administration,* 796 F.Supp. 55, 59 (D.R.I.1992). The statute need not explicitly except itself from the APA; rather preclusion may be found from the statutory scheme, its objectives and implementation. *Block v. Community Nutrition Inst.,* 467 U.S. 340, 345, 104 S.Ct. 2450, 2453, 81 L.Ed.2d 270 (1984).

■ As the First Circuit concluded, the forfeiture statutes provide ample basis for

---

2. The court retains some concern that the Postal Service is not able to deliver its own mail regarding matters as important as the forfeiture of over $83,000; however, the court cannot justify enforcing a different rule for this agency of the Government simply because it is normally tasked with delivery of the mails. If mailing notice is sufficient for every other branch of Government, then use of the mail must be sufficient for the Postal Service.

3. He complains that the forfeiture of the $83,000 violates the excessive fines clause of the Eighth Amendment. He further asserts that seizure of his bank books during the execution of the search warrants exceed the scope of the warrant and thus violates the Fourth Amendment.

4. The Government argues strenuously that the return of the forfeited money could only be money damages and thus is excluded from the authority of § 702. The court disagrees. In *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), the court defined "money damages" as a *"substitute* for a suffered loss." 487 U.S. at 895, 108 S.Ct. at 2732 (*quoting Dobbs, Handbook on the Law of Remedies* 135 (1973)) (emphasis added). The relief Plaintiff seeks here is the return of the funds forfeited, not a substitute for some tortious injury suffered at the hands of a Government agent. The relief is more nearly a specific remedy which is "an attempt to give the plaintiff the very thing to which he was entitled." *Id. Knote v. United States,* 95 U.S. (5 Otto) 149, 24 L.Ed. 442 (1877), does not require a different conclusion.

litigating the propriety of a particular seizure. *Sarit*, 987 F.2d at 17. Those statutes and their implementing regulations require a response from a claimant before the judicial process is triggered. Plaintiff did not file a claim and thereby waived his right to judicial determination of the merits of his defenses to the seizure and forfeiture by the Government.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment bears the initial burden of showing that there are no genuine issues of material fact that should be decided at a trial of the case and that the movant is entitled to judgment as a matter of law. Once the movant carries this threshold matter, the burden shifts to the nonmoving party to demonstrate that there is indeed a material issue of fact or law precluding summary judgment. *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Where relevant facts are in controversy, "all reasonable doubts ... are to be resolved and all inferences ... are to be drawn in favor of the party opposing the motion." *Mack v. W.R. Grace Co.*, 578 F.Supp. 626, 630 (N.D.Ga. 1983).

There are no material facts in dispute in this matter. Summary judgment for the Government is appropriate and the motion is, therefore, **GRANTED.**

SO ORDERED.