**David INFANTE a.k.a. David Garcia, Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant.**

No. 92 CV 2212 (FB).

United States District Court, E.D. New York.

Sept. 9, 1996.

John H. Ruginski, Jr., Providence, RI,[1] for Plaintiff.

Zachary Carter, United States Attorney, Eastern District of New York, by Thomas A. Jones, Special Assistant U.S. Attorney, Brooklyn, NY, for Defendant.

---

1. A review of the Eastern District records revealed that Mr. Ruginski is not admitted to practice in the Eastern District of New York. The court refers counsel to Local Rule 2(c) of the Rules of the United States District Courts for the Southern and Eastern Districts, regarding admission to practice *pro hac vice*.

*MEMORANDUM AND ORDER*

BLOCK, District Judge:

In a thorough Report and Recommendation ("R & R") dated August 8, 1996, Magistrate Judge Robert Levy recommended that defendant's motion for judgment on the pleadings be granted and the complaint dismissed, and plaintiff's request to compel production of documents be denied as moot. No objections to the R & R have been filed.

The Court hereby **ADOPTS** the R & R. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

*REPORT AND RECOMMENDATION*

LEVY, United States Magistrate Judge:

Plaintiff David Edison Infante brings this action seeking the return of an automobile seized by the United States Drug Enforcement Administration. By Notice of Motion dated February 28, 1996, defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 7, 1996, defendant moved to have the court review the motion to dismiss as a motion to grant judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. By order dated April 19, 1996, the Honorable Frederic Block, United States District Judge, referred the above captioned matter to me to report and recommend on the pending motion. In addition, on June 1, 1996, plaintiff moved to compel production of documents. For the reasons stated below, I respectfully recommend that defendant's motion for judgment on the pleadings be granted. Plaintiff's motion to compel production of documents is denied.

**BACKGROUND**

Plaintiff brings this action against the United States Drug Enforcement Administration ("defendant" or the "DEA") to recover an automobile allegedly seized from him. The facts alleged in plaintiff's complaint and accompanying submissions are as follows:

On March 19, 1990, the DEA seized plaintiff's 1985 Toyota Celica GTS Convertible at 171–04 Courtney Avenue, Flushing, New York 11358, pursuant to 21 U.S.C. § 881(a)(4).[2] On June 26, 1990, the DEA sent a written notice of seizure by certified mail, return receipt requested, to David Garcia at 912 Narragansett Boulevard, Providence, Rhode Island 02905.[3] The notice was received on July 3, 1990, as evidenced by the postal receipt card, signed by David Garcia.[4] This preprinted notice of seizure informed plaintiff that the DEA had commenced administrative forfeiture proceedings and that he had the right to file a claim of ownership to contest the summary forfeiture in United States District Court and/or to petition the DEA, via an administrative process, to remit his property. The notice also contained citations to the relevant provisions of the United States Code and the Code of Federal Regulations. The notice indicated that the deadline to file a claim of ownership had been extended for 20 days[5] and that the deadline to file a petition for remission or mitigation of the

---

**2.** 21 U.S.C. § 881(a)(4) states, in pertinent part: "The following shall be subject to forfeiture to the United States and no property right shall exist in them: All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]."

**3.** *See* Declaration of William J. Snider, dated January 31, 1996, (the "Snider Aff.") at ¶ 4(e) (annexed in support of defendant's motion to dismiss). Previously, on April 23, 1990, the DEA decided to proceed with an administrative forfeiture. On May 14, 1990, the DEA sent written notice of seizure by certified mail, return receipt requested, to both David Garcia, the name on the car registration, and David Hernandez at the

Flushing, NY address. Both of these notices were returned to the DEA stamped "Return to sender. Moved, left no address." On May 23, 1990, the seizure of the Toyota Celica was published in *USA Today,* a paper of general circulation in the Eastern District of New York, pursuant to 21 C.F.R. § 1316.75. The seizure was published for three successive weeks, naming June 12, 1990 as the last day to file a claim. *See* Snider Aff. at ¶ 4(a)–(d).

**4.** *See* Snider Aff. at ¶ 4(e) and Exhibit 7.

**5.** Normally, the deadline for filing a claim of ownership is 20 days from the first date of publication, which would have been June 12, 1990 in this case.

forfeiture was 30 days from the date of receipt of the notice.

On July 24, 1990, plaintiff filed a petition for remission with the DEA. On September 6, 1990, the DEA denied the petition for remission, finding that the petition did not meet the requirements set forth in 28 C.F.R. § 9.5(b) and (c).[6] The denial indicated that the plaintiff could file a request for reconsideration within 10 days, but that only one request for reconsideration would be heard. On September 14, 1990, plaintiff filed a request for reconsideration, and on March 6, 1991, the DEA issued a Declaration of Forfeiture.[7] On April 4, 1991 the Department of Justice denied the request for reconsideration and declared the forfeiture final. One year later, on March 31, 1992, plaintiff filed the instant complaint, which alleges that the DEA seized plaintiff's 1985 Toyota Celica GTS Convertible without probable cause and unfairly denied plaintiff the return of his automobile.

*Seizure and Forfeiture Procedure*

In order to understand the issues raised in the defendant's motion, a brief review of the statutory scheme is appropriate:

All controlled substances, the raw materials used to produce them, any property used to contain them and any conveyance used to transport them, or used to facilitate sale, receipt or possession of them are subject to forfeiture to the United States. 21 U.S.C. § 881(a). For property valued at $500,000 or less, the government may follow an administrative forfeiture process, as was done here. 19 U.S.C. § 1607. An administrative forfeiture is commenced by publication for at least three successive weeks of a notice of seizure and an intent to forfeit property. In addition, the seizing agency must send written notice of seizure and information on the applicable procedures to each interested party.

19 U.S.C. § 1607; 21 C.F.R. § 1316.75; 28 C.F.R. § 9.5. A claimant must file a claim of ownership and a bond within 20 days of the first publication of the notice of seizure. 19 U.S.C. § 1608; 21 C.F.R. § 1316.76(a). A timely filing of the claim and bond does not entitle the claimant to possession of the property, but it does stop the administrative forfeiture from proceeding (21 C.F.R. § 1316.76(b)), and the matter is transferred to the United States Attorney. 19 U.S.C. § 1608; 21 C.F.R. § 1316.76(a). The United States Attorney must then institute condemnation proceedings in the district court. 21 C.F.R. § 1316.78.

If no claim or bond is filed within the 20 days, the property is administratively and summarily forfeited. 19 U.S.C. § 1609(a); 21 C.F.R. § 1316.77(a). A declaration of summary forfeiture under section 1609(a) has the same effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States. 19 U.S.C. § 1609(b).

Any person interested in any property which has been seized or forfeited, either administratively or by court proceedings, may file a petition for remission or mitigation of the forfeiture. The petition shall include a complete description of the property, the petitioner's interest in the property and the facts which petitioner believes justify remission or mitigation. 21 C.F.R. § 1316.79(b); 28 C.F.R. § 9.3 and 9.4(a)–(c). The petition must be filed within 30 days of receipt of notice of seizure. 21 C.F.R. § 1316.80(a). Upon receipt of the petition the seizing agency conducts an investigation. 21 C.F.R. § 1316.81; 28 C.F.R. § 9.4(e). The determining official *does not* consider whether the evidence is sufficient to support the forfeiture, but presumes a valid forfeiture. 28 C.F.R. § 9.5(a) (emphasis added). Notice of

---

**6.** 28 C.F.R. § 9.5(b) and (c) require that petitioner establish all of the following in a successful petition for remission: (1) a valid, good faith interest in the seized property as owner or otherwise; (2) no knowledge that the property in which petitioner claims an interest was or would be involved in any violation of the law; (3) no knowledge of the particular violation which subjected the property to seizure and forfeiture; (4) no knowledge that the user of the property had any record for violating laws of the United States

or of any state for a related crime; and (5) that the petitioner had taken all reasonable steps to prevent the illegal use of the property.

**7.** Ordinarily, an administrative forfeiture should precede consideration of the petition for remission; however, in this case the procedures were reversed due to an administrative oversight. *See* Snider Aff. at ¶ 4(j).

denial or granting of the petition is mailed to the petitioner, and a denial must include reasons. 28 C.F.R. § 9.4(h). A request for reconsideration of the denial must be submitted within 10 days of receipt of the denial. The request shall be based on evidence that was not previously considered, and only one request for reconsideration will be heard. 28 C.F.R. § 9.4(i).

As noted above, the DEA seized plaintiff's car and decided to forfeit the vehicle. In accordance with the above rules, it published a notice in *USA Today* and sent notice of the seizure to the address at which it had seized the car. However, plaintiff no longer resided there and the notices were returned to the DEA. The DEA located plaintiff in Rhode Island and sent a notice of seizure that extended the deadline for filing a claim of ownership from June 12, 1990 to July 16, 1990. The notice also indicated that a petition for remission could be filed within 30 days of receipt of the notice. Plaintiff chose to pursue the administrative avenue and filed a petition for remission, which the DEA denied. In the instant action, as stated above, plaintiff alleges that the DEA lacked probable cause to seize his automobile.

## DISCUSSION

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. It argues that plaintiff lacks standing to challenge the forfeiture and that the DEA is immune to suit under the doctrine of sovereign immunity. In addition, defendant contends that the court lacks subject matter jurisdiction to hear and determine plaintiff's claims and that the complaint fails to state a claim upon which relief may be granted. These arguments will be addressed in turn.

### A. *Lack of Standing by Plaintiff to Bring Suit*

Defendant argues that plaintiff lacks standing to contest the forfeiture of the 1985 Toyota Celica GTS Convertible because plaintiff has failed to demonstrate that David

Infante, the named plaintiff, and David Garcia, the name to whom the car is registered, are the same individual. However, on a motion for judgment on the pleadings all well-pleaded facts alleged in the complaint must be accepted by the court as true. *Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985). In plaintiff's sworn Petition For Remission, attached as an exhibit to his complaint, plaintiff alleges that his name is Edison David Infante, but that he used the name David Garcia when he was AWOL from the United States Navy to avoid being apprehended.[8] During that time, plaintiff allegedly purchased the car under his alias of David Garcia. However, plaintiff claims that the matter has been resolved with the Navy and that he now goes by the name Edison David Infante. Since plaintiff's allegations must be accepted as true for purposes of this Report and Recommendation, plaintiff is assumed to be the owner of the Toyota and, therefore, to have standing to bring this suit.

### B. *Sovereign Immunity*

Defendant maintains that plaintiff's claim must be dismissed because the DEA is an administrative agency of the United States, and as such is immune from suit under the doctrine of sovereign immunity. As defendant points out, the doctrine of sovereign immunity protects the United States from suit unless it consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Further, a waiver of immunity must be "unequivocally expressed." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). The court's jurisdiction to entertain a suit is then governed by the terms of the consent. *Id.* at 160, 101 S.Ct. at 2701.

However, the DEA does not enjoy the full protection of sovereign immunity. Courts have repeatedly found that the Administrative Procedure Act, 5 U.S.C. § 702 (the "APA"), provides a limited waiver of sovereign immunity in specific situations.[9]

---

**8.** *See* Petition for Remission, ¶ 2.

**9.** 5 U.S.C. § 702 states, in pertinent part: "A person suffering legal wrong because of agency

*Sterling v. United States,* 749 F.Supp. 1202, 1206–09 (E.D.N.Y.1990). *See also Montgomery v. Scott,* 802 F.Supp. 930, 933–34 (W.D.N.Y.1992) (APA provided a waiver of immunity); *Sarit v. DEA,* 759 F.Supp. 63, 66–69 (D.R.I.1991) (same). While 5 U.S.C. § 702 waives sovereign immunity for agency actions, sections 701 and 704 limit the terms of that waiver. Thus, the APA does not waive agency immunity where a plaintiff seeks monetary damages (5 U.S.C. § 702), where the contested agency action is one committed to discretion (5 U.S.C. § 701(a)(2)), where other statutes preclude judicial review (5 U.S.C. § 701(a)(1)), or where there is an adequate remedy in another court. 5 U.S.C. § 704.

### 1. *Monetary Damages*

■ The APA by its terms does not apply where the relief sought is money damages. 5 U.S.C. § 702; *Sterling,* 749 F.Supp. at 1207. In the apparent belief that plaintiff seeks money damages in this case, defendant argues that the APA limit on money damages protects the DEA from this suit. Defendant is incorrect on this point. Plaintiff seeks the return of his car, not compensatory damages. In *Sterling,* then Magistrate Judge (now District Judge) Carol Bagley Amon, in a Report and Recommendation adopted by Judge Spatt, held that suits against the DEA seeking the return of seized goods or money did not constitute the type of monetary damages reserved from suit by the APA. *Id. See also Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (claim under APA seeking equitable relief can include request for specific property or money); *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1099–1100 (9th Cir.1990) (claim seeking return of automobile forfeited pursuant to 21 U.S.C. § 881 cognizable under APA); *Willis v. United States,*

787 F.2d 1089, 1092 (7th Cir.1986) (same). Accordingly, plaintiff's requested relief is not barred on this ground.

### 2. *Agency Discretion*

Next, defendant argues that 5 U.S.C. § 701(a)(2), which places a limitation on the APA waiver of immunity where the contested agency action is one committed to discretion, preserves DEA immunity in this case. In *Sterling,* the court rejected that argument. It explained that, although petitions for remission of forfeiture are agency actions committed to discretion,[10] and as such are not themselves subject to judicial review under the APA, federal court review is not foreclosed where the petitioner does not challenge the exercise of the agency's discretion, but instead challenges "the adequacy of the notice of the proceeding itself and the authority of the agency to take action in the first instance." *Sterling,* 749 F.Supp. at 1208. Because the petitioner in that case was challenging the adequacy of the notice of forfeiture, the court found a waiver of sovereign immunity. *Id.*

■ In the instant case, by contrast, plaintiff does not challenge the "authority of the agency to take action in the first instance," but explicitly challenges the DEA's exercise of discretion. Plaintiff's Petition for Review, attached to his complaint, specifically asks the court to "review the denial of the DEA to return, to him, said automobile." Since plaintiff seeks judicial review of the agency decision to deny his petition for remission and request for reconsideration, a decision committed to its discretion, the APA does not apply to waive sovereign immunity in this case. Accordingly, I respectfully recommend that plaintiff's complaint be dismissed on this ground.

---

action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The

United States may be named as a defendant in such an action.... Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground...."

**10.** *See* 21 U.S.C. § 881(d); 19 U.S.C. § 1607; 21 C.F.R. §§ 1316.77 and 1316.78.

### 3. Statutes Precluding Review

Finally, defendant cites the limitation on the APA waiver of immunity provided by 5 U.S.C. § 701(a)(1), which applies where other statutes preclude judicial review. Defendant references 21 U.S.C. § 881(d),[11] 19 U.S.C. § 1607[12] and 21 C.F.R. §§ 1316.77–78,[13] arguing that these regulations preclude collateral attacks on administrative forfeitures through judicial review.

In *Sterling,* 749 F.Supp. at 1208, the government also argued that the forfeiture statutes precluded judicial review. There, the government maintained that "the statutory provisions would be rendered meaningless if the time limits for filing a claim and bond could be circumvented by filing a suit under the APA." *Id.* Although the court acknowledged that this argument had substantial merit in most forfeiture cases, it concluded that "the forfeiture provisions cannot be read to bar resort to the court under the APA where the plaintiff's claim is that constitutionally deficient notice prevented him in the first instance from meeting those deadlines." *Id.*

Other courts have agreed that section 702 does not provide a waiver of sovereign immunity for claims relating to the *adequacy of notice. See, e.g., Sarit v. DEA,* 987 F.2d 10, 17 (1st Cir.), *cert. denied,* 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993) ("courts have entertained challenges to the adequacy of notice, reasoning that the mechanism [for obtaining judicial relief provided in the forfeiture statute and regulations] is not available to a plaintiff who is not properly notified of the pending forfeiture"); *Lopes v. United States,* 862 F.Supp. 1178, 1186 (S.D.N.Y. 1994) ("the APA effectively waives sovereign immunity as to Plaintiffs' First Claim for relief with respect to inadequacy of notice"); *Jaekel v. United States,* 304 F.Supp. 993, 998 (S.D.N.Y.1969) (failure to resort to forfeiture proceedings does not deprive a court of jurisdiction to hear a claim that notice of those proceedings was constitutionally inadequate).

In the instant case, however, plaintiff does not contest the adequacy of the notice he received. Absent a notice claim, Section 701(a)(1) of the APA "limits § 702's waiver of sovereign immunity and strips this Court of jurisdiction." *Sarit v. DEA,* 796 F.Supp. 55, 58 (D.R.I.1992), *aff'd,* 987 F.2d 10, 16–17 (1st Cir.), *cert. denied,* 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993). As the court in *Sarit* explained, the forfeiture statutes " 'clearly make[ ] available to a claimant invoking the remedy an appropriate forum in which to test the legality of the contested seizure.' " Thus, "[f]ailure to pursue this avenue cuts off any path to judicial review of allegedly improper agency action." *Id.* at 58–59 (quoting *In the Matter of $91,000.00 of United States Currency,* 715 F.Supp. 423, 436 (D.R.I.1989)).

In sum, the forfeiture statutes and regulations preclude judicial review under section 701(a)(1) because they provide an avenue for judicial relief, which plaintiff failed to pursue. *See Sarit v. DEA,* 987 F.2d 10, 17 (1st Cir.1993). Accordingly, I respectfully recommend that plaintiff's complaint be dismissed on this ground.

---

**11.** 21 U.S.C. § 881(d) is entitled "Other laws and proceedings available." This section simply lists the other provisions of law relating to seizure, summary and judicial forfeiture that may be applicable in a given case.

**12.** 19 U.S.C. § 1607, *entitled* "Seizure; value $500,000 or less," states, in relevant part: "If ... the value of the seized vessel, vehicle, aircraft, merchandise, or baggage does not exceed $500,000 ... notice of the seizure ... and the intention to forfeit ... [is] to be published for at least three successive weeks.... Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."

**13.** 21 C.F.R. § 1316.77, entitled "Administrative forfeiture," states, in relevant part: "For property seized by officers of the Drug Enforcement Administration, if the appraised value does not exceed jurisdictional limits ... and a claim and bond are not filed within the 20 days ... the DEA ... *shall declare the property forfeited.*"

21 C.F.R. § 1316.78, entitled "Judicial forfeiture," states, in relevant part: "[T]he ... DEA ... shall transmit a description of the property and a complete statement of the facts and circumstances surrounding the seizure to the U.S. Attorney for the judicial district in which the proceeding for forfeiture is sought for the purpose of instituting condemnation proceedings."

## C. *Lack of Subject Matter Jurisdiction*

In the alternative, defendant argues that plaintiff has failed to meet his burden of establishing that this court has subject matter jurisdiction over his claims. Defendant asserts that the court lacks jurisdiction to review the merits of an administrative forfeiture once it has become final.

As *Sterling* points out, although the APA waives DEA immunity from suit in some situations, it does not create a jurisdictional basis for suit. *Sterling*, 749 F.Supp. at 1209. Thus, even if sovereign immunity had been waived in this case, subject matter jurisdiction must be separately established by the claim. *Id.*

As a general rule, "a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *United States v. One 1987 Jeep Wrangler Auto.*, 972 F.2d 472, 480 (2d Cir.1992). *See also Lopes v. United States*, 862 F.Supp. 1178, 1184 (S.D.N.Y.1994). Moreover, the decision whether to remit or mitigate a forfeiture is solely within the domain of the forfeiting agency, and once the agency has made a determination on the petition for remission or mitigation, courts generally lack the power to review that decision. *Lopes*, 862 F.Supp. at 1184. *See also Schrob v. Catterson*, 948 F.2d 1402, 1412 n. 9 (3d Cir. 1991) ("Generally, once the government has made an administrative determination on the petition, courts have no power to review that decision"); *Averhart v. United States*, 901 F.2d 1540, 1543–44 (11th Cir.1990) ("federal common law consistently has held that federal courts lack jurisdiction to review the merits of a forfeiture decision that the Secretary has reached in the exercise of his discretion"); *LaChance v. DEA*, 672 F.Supp. 76, 79 (E.D.N.Y.1987) ("[r]emission of a forfeiture is

a matter of grace and discretion delegated solely to the exclusive authority of the administrative agency").

While it is true that the court generally lacks jurisdiction to review the merits of an administrative forfeiture, the Second Circuit has rejected the view that all DEA administrative forfeitures are immune to judicial review. *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2d Cir.1992).[14] In *Onwubiko*, the Second Circuit held that, although an administrative forfeiture removes the *res* from the district court and, therefore, "typically marks an end to the court's *in rem* jurisdiction," an exception to this general rule applies "if the property is taken accidentally, fraudulently, or improperly." *Id.* at 1398. *See also United States v. Millan–Colon*, 836 F.Supp. 994 (S.D.N.Y.1993). Put another way, "if an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency." *Onwubiko*, 969 F.2d at 1398 (citing *The Rio Grande*, 90 U.S. (23 Wall.) 458, 465, 23 L.Ed. 158 (1874). Such review is limited to determining whether an agency has followed proper procedural safeguards. *One 1987 Jeep Wrangler Auto.*, 972 F.2d at 480; *Hong v. United States*, 920 F.Supp. 311, 315 (E.D.N.Y.1996).

Although never stated explicitly within the decision, the procedural deficiency in *Onwubiko* appeared to be the "insurmountable obstacle" that filing a $250 bond presented to Onwubiko, who was in jail and from whom the DEA had seized all currency.[15] However, the allegation of a lack of due process in this case does not challenge the adequacy of the DEA's forfeiture *procedure*. Instead, it challenges the substantive legal basis of the seizure. Thus, the exception allowing judicial review for a procedurally deficient forfeiture does not apply in this case.

**14.** *Onwubiko* also suggested that the Tucker Act, 28 U.S.C. § 1346, could provide a basis for federal court jurisdiction over a contested forfeiture. *Onwubiko*, 969 F.2d at 1398–99. The Tucker Act gives the federal district court and Court of Claims original jurisdiction over various claims against the United States which do not exceed $10,000. However, the Tucker Act only permits claims for liquidated or unliquidated damages, rather than claims for return of property. 28 U.S.C. § 1346(a)(2). Thus, as *Onwubiko* explains, a plaintiff would be limited to claiming

damages caused by the government abuse of discretion in forfeiting his property. *Id.* at 1399.

**15.** Actually, the bond requirement may not reach the level of "Dickensian irony" that *Onwubiko* would suggest. *Id.* at 1399. The notice of seizure and intent to forfeit includes information on filing a "Declaration in Support of Request to Proceed *In Forma Pauperis*" in lieu of a bond for those who cannot afford to post a bond.

Courts have also repeatedly found federal question jurisdiction over forfeiture cases where the plaintiff asserts a violation of the Fifth Amendment. In *Sterling*, the court held that even if direct challenges to forfeiture proceedings are immune to judicial review, challenges to the constitutional sufficiency of the procedures are not beyond the court's jurisdiction. *Sterling*, 749 F.Supp. at 1208 (finding jurisdiction under 28 U.S.C. § 1331 where plaintiff made a Due Process claim, arguing that the notice was inadequate because it was too difficult to understand). *See also Willis v. United States*, 787 F.2d 1089 (7th Cir.1986) (jurisdiction rested on plaintiff's Due Process claim that notice was insufficient); *Montgomery v. Scott*, 802 F.Supp. 930 (W.D.N.Y.1992) (basing jurisdiction on plaintiff's challenge to the Due Process sufficiency of the notice procedure). In addition to Fifth Amendment claims, the Supreme Court has held that administrative forfeitures are open to judicial review under the Eighth Amendment prohibition against excessive punishment. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).[16]

A notice claim rests on the assertion that the process was constitutionally insufficient because it failed adequately to alert a plaintiff to the opportunity to contest the forfeiture before it became final. The court, therefore, has jurisdiction over these claims because the plaintiff had no previous opportunity to be heard. *See Sarit v. DEA*, 987 F.2d 10, 16–17 (1st Cir.) ("Whereas most challenges to forfeiture would be foreclosed by a plaintiff's failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not properly available to a plaintiff who is not properly notified of the pending forfeiture"). Similarly, a plaintiff cannot pursue an Eighth Amendment claim of excessive punishment before entry of a final forfeiture judgment. The court must have subject matter jurisdiction over those two types of claims in order to prevent the foreclosure of all avenues of justice to the plaintiff who did not know about the seizure or who was subject to an exorbitant punishment for his crime.

 However, plaintiff can make no such argument, and plaintiff's complaint makes neither of these claims. Instead, plaintiff raises only a Fourth Amendment claim, asserting that the DEA did not have probable cause to seize his vehicle. If plaintiff had not received notice of the seizure, a collateral attack on the forfeiture would have been plaintiff's first opportunity to be heard. Then, plaintiff could have challenged the notice procedures and the actual seizure of his property. But because plaintiff had an opportunity during the forfeiture proceedings to have a judicial hearing on probable cause, a collateral attack based only on a Fourth Amendment claim is not permitted. *Willis*, 787 F.2d at 1093–94 (Fourth Amendment claim dismissed where plaintiff's Fifth Amendment claim failed on summary judgment); *Taft v. United States*, 824 F.Supp. 455 (D.Vt.1993) (suggesting that court would have lost jurisdiction over Fourth Amendment claim if Fifth Amendment claim had been insufficient).

Here, plaintiff could have challenged the legality of the seizure by filing a claim and bond with the DEA and forcing the government to institute condemnation proceedings. However, plaintiff chose to pursue an administrative remedy. When plaintiff chose not to file a claim and bond, he implicitly consented to a summary forfeiture. That forfeiture has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. § 1609(b). Thus, "because [plaintiff] chose not to contest probable cause initially, he has waived his right to complain now." *Willis v. United States*, 787 F.2d 1089, 1093 (7th Cir.1986). *See also Hong*, 920 F.Supp. at 317 ("A forfeiture may not be challenged in district court on any basis which could have been raised in an administrative proceeding").

 In sum, plaintiff, having pursued his administrative remedy by filing a petition for remission, and having failed to file a claim and cost bond, is deemed to have elected to

---

**16.** However, the Supreme Court recently held that civil forfeitures do not violate the Double Jeopardy clause of the Fifth Amendment, which prohibits multiple punishments for a single crime. *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

forego judicial review of the forfeiture. *See LaChance,* 672 F.Supp. at 80 ("plaintiff has elected an administrative remedy instead of a judicial proceeding, and this operates to foreclose his application before the court.") Moreover, because plaintiff's claims do not allege procedural deficiencies, his claims do not fall within the recognized exception described above. I accordingly recommend that his complaint be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the undersigned respectfully recommends that plaintiff's claim for equitable relief be dismissed. In addition, plaintiff's motion to compel production of documents is denied as moot.

Objections to this report and recommendation must be filed with the Clerk of the Court, with a courtesy copy to the chambers of the Honorable Frederic Block, within ten (10) days to preserve appellate review. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
August 8, 1996